# PROVIDENT SAVINGS LIFE ASSURANCE SOCIETY
## *v.* FORD.

IN ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

Argued November 26, 1884.—Decided May 4, 1885.

In a suit against a corporation in a court of the State from which its charter is derived, to recover on a judgment recovered against it in a Circuit Court of the United States in a district within the limits of another State, a petition by the defendant for the removal of the cause into the Circuit Court of the United States, which alleges that the defendant was not an inhabitant of the latter State, and was not personally served with process by itself or its officers, but does not allege that there was no service of process on an agent of the corporation in the district in which the judgment was recovered, and that there was no appearance of the defendant in the suit, is not sufficient to raise a defence of want of jurisdiction under Rev. Stat. § 739.

An allegation by a defendant in a suit in a State court of New York, that an assignment of the cause of action in the suit by a citizen of another State to a citizen of New York was colorable, and was made for the purpose of preventing a removal of the cause to a court of the United States, presents a defence of the action in the court of that State, but furnishes no ground for removal of the cause to a court of the United States.

The fact that a judgment was recovered in a court of the United States does not, in a suit upon that judgment, raise a question under the laws of the United States within the meaning of the act of March 3, 1875.

This was a writ of error to the Supreme Court of New York to review a judgment of that court denying a motion for a re-

moval of the cause to the Circuit Court of the United States. The facts which make the federal question are stated in the opinion of the court.

*Mr. E. B. Smith* and *Mr. Stephen G. Clarke* for plaintiff in error.

*Mr. Esek Cowen* for defendant in error.

MR. JUSTICE BRADLEY delivered the opinion of the court.

This was an action brought in the Supreme Court of New York by Daniel W. Ford, the defendant in error, against the Provident Savings Life Assurance Company (the plaintiff in error) on a judgment recovered by one Charles Cochran against said company in the Circuit Court of the United States for the Northern District of Ohio, and assigned by Cochran to the plaintiff, Ford. The complaint contained, amongst others, the following averments, to wit: "That heretofore and on or about the 12th day of December, 1876, one Charles Cochran, then a resident of the State of Ohio, in due form of law, commenced an action in the United States Circuit Court for the Northern District of Ohio against the defendant in this action, praying for a judgment against said defendant for twenty thousand dollars damages; that the defendant in said action and herein duly appeared in said action and answered the petition or complaint of said Cochran, and after trial had of the issues thus joined, at which the defendant therein and herein duly appeared, judgment was duly directed, and, subsequently, and on or about the 10th day of October, 1878, was duly entered and docketed in the office of the clerk of said United States Circuit Court for the said Northern District of Ohio, in favor of the said complainant, Cochran, and against the said The Provident Savings Life Assurance Society of New York, the defendant therein and herein, for the sum of three thousand three hundred five and $\frac{45}{100}$ dollars damages and costs. . . .

"This plaintiff further alleges that on or about the 30th day of November, 1878, the said Charles Cochran, the complainant in said action and the then lawful holder and owner of said

judgment, duly assigned and transferred to this plaintiff the said judgment, together with all his rights and claims there-under and the interest due thereon."

The defendant, in answer to the complaint, admitted that Cochran had taken some proceedings in the Circuit Court of the United States for the Northern District of Ohio, praying for judgment against the defendant; but averred that there was never any personal service of process, summons or petition upon the defendant; and denied any knowledge of the recovery of any judgment as alleged in the complaint, or that Cochran had assigned the alleged judgment to Ford.

The cause came on for trial in February, 1879, but before the trial commenced the defendant presented a petition for the removal of the cause to the Circuit Court of the United States for the Northern District of New York, accompanied by a bond, which was approved by the court. The petition was as follows, to wit:

"Supreme Court, Rensselaer County.

DANIEL W. FORD

*against*

THE PROVIDENT SAVINGS LIFE ASSURANCE SOCIETY OF NEW YORK.

"To said Supreme Court: Your petitioner respectfully shows to this honorable court that it is the defendant in the above action, and a corporation duly incorporated under the laws of the State of New York, located and having its place of business in the City of New York, and was such corporation during all the times hereinafter mentioned, and was never organized or incorporated under any law of the State of Ohio; that the above action is brought to recover the amount of a judgment alleged to have been obtained against your petitioner in the State of Ohio, by one Charles Cochran, on the 10th day of October, 1878, in the Circuit Court of the United States for the Northern District of Ohio, for the sum of three thousand three hundred and five dollars and forty-five cents; that said Cochran then resided and still resides in the State of Ohio;

that this action is brought upon an alleged assignment of said judgment to the plaintiff above named by said Cochran, and is now pending and undetermined; that the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and involves questions arising under the laws of the United States, to wit, under section 739 of the Revised Statutes of the United States. Said section forbids 'any suit to be brought by any original process before either of the United States courts against an inhabitant of the United States in any other district than that of which he is an inhabitant, or in which he shall be found at the time of serving the writ.' And your petitioner avers that the said suit in Ohio was by original process, but that the said process was never served personally upon the defendant in said action in Ohio, or upon any of its officers, nor was the defendant ever an inhabitant of Ohio or found therein, and, as your petitioner verily believes, said Circuit Court never acquired jurisdiction, and said judgment is invalid and void, and that such want of personal service as aforesaid is alleged in the answer in the present action, and that the trial of this action will necessarily involve the construction and effect of the said law of the United States, to wit, the said 739th section of the said United States Revised Statutes.

"*Secondly.* And your petitioner further says, as it is informed and verily believes, that the plaintiff in this action is not the real party in interest therein, but that said Cochran is the real party in interest, and that said alleged assignment is merely colorable; that it was made without any consideration and merely for the purpose of prosecuting and collecting said judgment for the benefit of said Cochran, and to avoid the necessity of said Cochran's giving security for costs as a nonresident of this State, and to embarrass, and if possible, prevent the transfer of this action to the United States courts, and that the controversy in this action is in reality and in substance between the defendant and the said Charles Cochran, who are citizens of different States, to wit, the defendant is in law a citizen of New York, and said Cochran a citizen of Ohio."

The petition then concluded with the proffer of a bond and

a prayer for removal of the cause in the usual form. The court refused to remove the cause, and the trial proceeded and resulted in a verdict and judgment for the plaintiff, which judgment is brought here by the present writ of error.

The question for our consideration is, whether, upon the petition as presented, and the pleadings as they then stood, the application for removal should have been granted.

The first ground of removal set forth in the petition was, in effect, that the defendant had a defence arising under § 739 Rev. Stat., which defence was that the judgment sued on was absolutely void for want of jurisdiction in the court, because that section forbids any suit to be brought by any original process before either of the United States courts against an inhabitant of the United States in any other district than that of which he is an inhabitant, or in which he shall be found at the time of serving the writ; and it is averred that the suit was by original process, and that said process was never served personally upon the defendant in Ohio (the defendant being a New York corporation) or upon any of its officers there, and that the defendant was never an inhabitant of Ohio.

This allegation of a defence under the section referred to is clearly evasive and inconsequential. It is not necessary that a corporation should be an inhabitant of a State, or should be found therein, or should be personally served with process through its officers, in order that the Circuit Court of the United States sitting in that State may have jurisdiction of a personal suit against it. It is well known that corporations of the character of the defendant, desirous of doing business in a State other than that in which they have their domicil, are generally required to have an agent therein to receive service of process for them. This is exacted as a condition of their doing business in such State, and herein a corporation differs from an ordinary "inhabitant" of a State, as that term is used in said § 739. This mode of acquiring personal jurisdiction of a foreign corporation applies to the Federal courts as well as to the State courts. See *Ex parte Schollenberger*, 96 U. S. 369. Again, jurisdiction may also be acquired by the actual appearance of such a corporation to a suit brought against it in the

United States Circuit Court. So that merely alleging that the defendant was not an inhabitant of Ohio, and was not found there, and was not personally served with process by itself or its officers, was not sufficient to raise a defence under § 739 of want of jurisdiction in the Circuit Court, without also negativing service of process on an agent of the defendant in Ohio and the actual appearance of the defendant to the suit; for, want of jurisdiction set up to avoid a judgment must be shown with the greatest certainty. The petition of removal is very careful not to negative these important contingencies, and that, in the face of the allegation of the complaint that the defendant did appear to the suit, and did answer the petition and appear at the trial. Hence we say that the allegation of a defence under the statute is clearly evasive and inconsequential, and we are not at all surprised to find that when the record of the Ohio suit was produced it showed that the defendant's agent was served with process, and that the defendant did actually appear to the suit and answer the petition, and did appear at and contest the trial, which lasted for a fortnight.

Reading the petition for removal, therefore, in the light of the pleadings on file when it was presented, we are satisfied that the first ground of removal set out therein was insufficient.

The second ground was, in effect, that the assignment of the judgment by Cochran to Ford was colorable merely, and that the real party in interest was Cochran, who was a citizen of Ohio, and as to whom the defendant, being a citizen of New York, was entitled to a removal of the cause, and should not be deprived of its right by the fraudulent assignment. The plain answer to this position is, that the action was nevertheless Ford's, and as against him there was no right of removal. If he was a mere tool of Cochran, and if the latter was the person really interested in the cause, the action could not have been sustained; for the Code of Procedure of New York declares, that "every action must be prosecuted in the name of the real party in interest," except in a few cases not including this. And not alone in New York, but anywhere, if it could be shown that the assignment was fraudulent as against the defendant, it would be void, and this fact would be a defence to

the action brought by the assignee.  We know of no instance where the want of consideration in a transfer, or a colorable transfer of a right of action from a person against whom the defendant would have a right of removal to a person against whom he would not have such a right, has been held a good ground for removing a cause from a State to a federal court. Where an assignment of a cause of action is colorably made for the purpose of giving jurisdiction to the United States court, § 5 of the act of Congress of March 3, 1875, relating to removals, has now given to the Circuit Courts power to dismiss or remand the cause at any time when the fact is made to appear.   And by analogy to this law, it may, perhaps, be a good defence to an action in a State court, to show that a colorable assignment has been made to deprive the United States court of jurisdiction; but, as before said, it would be a defence to the action, and not a ground of removing that cause into the federal court.   We think, therefore, the second ground of removal was also insufficient.

It is suggested, however, that a suit on a judgment recovered in a United States court is necessarily a suit arising under the laws of the United States, as much so as if the plaintiff or defendant were a corporation of the United States; and hence that such a suit is removable under the act of March 3, 1875.

It is observable that the removal of the cause was not claimed on any such broad ground as this; but, so far as the character of the case was concerned, only on the ground that the defendant had a defence under Rev. Stat. § 739, specifying what the defence was; and we have already shown that that ground of removal, as stated in the petition, was insufficient. But conceding that the defendant is now entitled to take its position on the broader ground referred to, is it tenable and sufficient for the purpose?

What is a judgment, but a security of record showing a debt due from one person to another?   It is as much a mere security, as a treasury note, or a bond of the United States.   If A brings an action against B, trover or otherwise, for the withholding of such securities, it is not therefore a case arising under the laws of the United States, although the whole value of the

securities depends upon the fact of their being the obligations of the United States. So if A have title to land by patent of the United States and brings an action against B for trespass or waste, committed by cutting timber, or by mining and carrying away precious ores, or the like, it is not therefore a case arising under the laws of the United States. It is simply the case of an ordinary right of property sought to be enforced. A suit on a judgment is nothing more, unless some question is raised in the case (as might be raised in any of the cases specified), distinctly involving the laws of the United States—such a question, for example, as was ineffectually attempted to be raised by the defendant in this case. If such a question were raised then it is conceded it would be a case arising under the laws of the United States.

These considerations show a wide distinction, as it seems to us, between the case of a suit merely on a judgment of a United States court, and that of a suit by or against a United States corporation; which latter, according to the masterly analysis of Chief Justice Marshall in *Osborn* v. *Bank of the United States,* 9 Wheat. 738, is pervaded from its origin to its close by United States law and United States authority.

Without pursuing the subject further, we conclude with expressing our opinion, that this last ground of removal, like those already considered, was insufficient.

The judgment of the Supreme Court of New York is

*Affirmed.*