# OAKLEY v. GOODNOW.

ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

Submitted April 13, 1886.—Decided April 19, 1886.

When the right of removal of a cause from a State court to a Circuit Court of the United States is denied by a State court, this denial raises a Federal question, within the jurisdiction of this court.

The Circuit Courts of the United States have no power to take jurisdiction of a case by removal from a State court, when a colorable assignment has been made to prevent such removal ; but resort can only be had to the State courts for protection against the consequences of such an encroachment on the rights of a defendant.

*Provident Savings Society* v. *Ford,* 114 U. S. 635, affirmed.

This was a motion to dismiss accompanied by a motion to affirm. The case is stated in the opinion of the court.

*Mr. George Crane* for the motions.

*Mr. C. H. Gatch* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This suit was brought in a State court of Iowa by Edward K. Goodnow, a citizen of New York, against Elizabeth T. Oakley, another citizen of the same State, to recover an amount claimed to be due for taxes paid by the Iowa Homestead Company and the Dubuque and Sioux City Railroad Company, both Iowa corporations, on lands belonging to the defendant. Before the suit was begun the two corporations assigned their respective claims to Goodnow, under an agreement by which he was " to use or exercise reasonable care or diligence to enforce said claims, demands, or rights of action, and, after deducting all costs and expenses in so doing, to hold the proceeds or amounts collected in trust for the use and benefit of the parties owning." A copy of this agreement was annexed to the petition as an exhibit.

On the 16th of December, 1880, which was in time, the defendant presented her petition for a removal of the suit to the Circuit Court of the United States for the District of Iowa, on

the ground that Goodnow "is only a nominal party to said suit, and has no interest therein whatsoever, but is prosecuting the same for the sole and exclusive use and benefit of the Iowa Homestead Company and Dubuque and Sioux City Railroad Company, which were, at the commencement of this suit and still are, corporations created and existing under and by virtue of the laws of the State of Iowa, each having its principal place of business in said State of Iowa, which said railroad and homestead companies directed the commencement of said suit, employed counsel to prosecute the same, and are directing and controlling its prosecution."

The State court proceeded with the suit, notwithstanding the petition for removal, and gave judgment against the defendant. This judgment was affirmed by the Supreme Court of the State on an appeal, that court being of opinion that the suit had not been removed. To reverse that judgment this writ of error was brought, and Goodnow now moves to dismiss for want of jurisdiction, and with that he unites a motion to affirm.

The motion to dismiss must be denied, because a right of removal under the act of March 3, 1875, 18 Stat. 470, ch. 137, was claimed by the defendant and the decision was against the right. This presents a Federal question and gives us jurisdiction, but, as the decision was in accordance with our judgment in *Provident Savings Society* v. *Ford,* 114 U. S. 635, 641, the motion to affirm is granted. In that case it was said : "We know of no instance where the want of consideration in a transfer, or a colorable transfer of a right of action from a person against whom the defendant would have a right of removal to a person against whom he would not have such a right, has been held a good ground for removing a cause from a State to a Federal court. Where an assignment of a cause of action is colorably made for the purpose of giving jurisdiction to the United States court, § 5 of the Act of Congress of March 3, 1875, . . . has now given to the Circuit Courts power to dismiss or remand the cause at any time when the fact is made to appear. And by analogy to this law, it may, perhaps, be a good defence to an action in a State court, to

show that a colorable assignment has been made to deprive the United States court of jurisdiction; but, as before said, it would be a defence to the action, and not a ground of removing that cause into the Federal court."

Our attention was called in the argument to the fact that in the present case it appears that the assignee is "only a nominal party to said suit," and that the assignor "directed the commencement of the suit, employed counsel to prosecute the same, and is directing and controlling its prosecution," while in the other it was only alleged that the assignment was "merely colorable," and that the plaintiff was "not the real party in interest;" but the opinion in the other case, p. 638, shows that it was further alleged that the assignment "was made without any consideration, and merely for the purpose of prosecuting and collecting" the claim for the benefit of the assignor, "and to avoid the necessity of" the assignor's "giving security for costs as a non-resident of this State, and to embarrass, and, if possible, prevent the transfer of this action to the United States courts, and that the controversy . . . is in reality and in substance between the defendant" and the assignor, "who are citizens of different States." The two cases are thus substantially alike, and this is clearly governed by that. While, therefore, the courts of the United States have under the act of 1875 the power to dismiss or remand a case, if it appears that a colorable assignment has been made for the purpose of imposing on their jurisdiction, no authority has as yet been given them to take jurisdiction of a case by removal from a State court when a colorable assignment has been made to prevent such a removal. Under the law as it now stands resort can only be had to the State courts for protection against the consequences of such an encroachment on the rights of a defendant.

*The motion to dismiss is denied, and that to affirm granted.*