### NELMS, KEHOE & NELMS v. DAVIS, Federal Agent, et al.

(District Court, S. D. Texas, at Houston. December 30, 1921.)

No. 411 D. L.

Removal of causes ☜19(5)—Action for loss or injury to interstate shipment held removable, as arising under federal law.

Congress having undertaken by the Carmack Amendment (Comp. St. §§ 8604a, 8604aa) to regulate the rights of shippers and the liability of carriers of interstate shipments, any action for delay, loss of, or injury to such shipment is based on and governed by such statute, and, where brought in a state court, if it involves the requisite amount, such action is removable, as arising under a federal law, though the entire carriage was by a single carrier and not by connecting carriers.

At Law. Action by Nelms, Kehoe & Nelms against James C. Davis, Federal Agent, and others. On motion to remand to state court. Denied.

Garrison, Pollard & Berry, of Houston, Tex., for plaintiff.

Terry, Cavin & Mills, of Galveston, Tex., and R. W. Franklin, of Houston, Tex., for defendants.

HUTCHESON, District Judge. This is a motion filed by Nelms, Kehoe & Nelms to remand to the state court, from whence it was removed, the cause known on the docket of the Eightieth Judicial district court of Harris county, Tex., as No. 96269, and styled Nelms, Kehoe & Nelms v. Gulf, Colorado & Santa Fé Railway Company and James C. Davis, as Federal Agent of said Gulf, Colorado & Santa Fé Railway Company.

This case is identical in all respects with those of D. L. 412 (no opinion filed), 413 (277 Fed. 982), and 414 (no opinion filed), except that in those cases the defendant was sued as agent of two or more carriers, the shipments originating outside the state on one and terminating inside the state on the other, whereas in this case the shipment, while an interstate shipment, originated and terminated on the lines of the Gulf, Colorado & Santa Fé Railway, and the defendant James C. Davis was sued as federal agent for that railroad alone.

The contention is made by plaintiffs, who have filed the motion to remand in this case, that whatever may be the law as to a federal question being present, so as to justify removal, where the bill of lading

affected both the initial and connecting carrier, there ought to be no basis whatever for the claim that the right of plaintiffs was grounded upon a federal statute, where the same road carried the entire shipment from origin to destination.

The ground of the position is apparent that, while it may be true that, in the case of an initial and connecting carriers, it is essential to the plaintiffs to rely upon the statute in order to recover full liability against the initial carrier for its own acts and those of the other carriers, the plaintiffs are not at all dependent upon such statute when, though the shipment was interstate, the whole journey was made over the lines of a single carrier.

They claim that, in every case where a court has held that a suit was under the federal statute, more than a single carrier was involved, and they point especially to this language in Alabama G. S. Ry. Co. v. American Cotton Oil Co., 229 Fed. 16, 143 C. C. A. 318:

"The declaration alleges that the car of oil was delivered by the Mississippi Railway to the Alabama Railway at Meridian in good condition and without exception. The Mississippi Railway was then conceded to be not at fault. Warren county, where the suit was brought in the state court, is on the western boundary of Mississippi. Meridian, where the car and oil were delivered in good condition to the Alabama Railway, is on the eastern boundary. There was obviously no local jurisdiction over the Alabama Railway. In the absence of the national law, the plaintiff then would have been helpless."

The answer to this contention of plaintiffs and to this citation is that, while it is true that the case *seems* clearer where it not only arises under, but the plaintiff himself asserts his right upon, the federal statute, it is none the less true that the right *is in fact* no clearer if the position assumed in the opinion in D. L. 413 is sound, that under the Carmack Amendment (Comp. St. §§ 8604a, 8604aa) the federal government entered and pre-empted the field of liability for interstate shipments, even though in the particular case the plaintiff, but for the Carmack Amendment, could have recovered at common law.

In Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257, the court said:

"The Carmack Amendment legislated directly upon the carrier's liability for loss of and damage to interstate shipments."

So that through the requirement for uniform bills of lading, through the privileges extended to the shipper, and the limitations imposed upon the carrier by the Carmack Amendment, it has become true that any suit, brought against any carrier on interstate shipments under a through bill of lading, is, in the language of Mr. Justice Bradley, in Provident Savings Society v. Ford, 114 U. S. 642, 5 Sup. Ct. 1108, 29 L. Ed. 261, "pervaded from its origin to its close by United States law and United States authority."

I am satisfied to rest my decision upon the principles announced in the prior case and restated here, but I might point to other decisions, where the same rule has been applied in other courts to an interstate shipment carried over the line of one interstate carrier. In the case of Smith v. Atchison, Topeka & S. F. Ry. Co. (D. C.) 210 Fed. 989, where plaintiff shipped 33 cars of cattle over defendant's line of rail-

way from the station of Panhandle, in the state of Texas, to the city of Guthrie, in the state of Oklahoma, the court said:

"The shipment of which complaint is made was an interstate shipment, and being of such nature the Congress has undertaken to regulate shipments of that character, and the states are powerless to exercise any control over the same by laws they may enact, or through principles of the law enunciated by * * * such states. * * * As Congress has by the Interstate Commerce Act undertaken to regulate the entire field of such commerce, and has created the rights and remedies for the redress of wrongs suffered by interstate shippers, I am of the opinion the rights of plaintiffs, whatever they may be, are governed and controlled exclusively by said act and any recovery sought by the plaintiffs must be in accordance with the provisions of said act."

It follows, therefore, that in this case, as in the other three, plaintiffs' motion to remand should be denied; and it is so ordered.