### BERNBLUM v. TRAVELERS' INS. CO.

### SAME v. HARTFORD ACCIDENT & INDEMNITY CO.

### SAME v. ÆTNA LIFE INS. CO.

### Nos. 9040, 9044, 9046.

District Court, W. D. Missouri, W. D.
Dec. 17, 1934.

McVey, Randolph, Smithson & Garrity, of Kansas City, Mo., for plaintiff.

Mosman, Rogers & Buzard, of Kansas City, Mo., for defendant Travelers' Ins. Co.

Hogsett, Smith, Murray & Trippe, of Kansas City, Mo., for defendant Hartford Accident & Indemnity Co.

Madden, Freeman & Madden, of Kansas City, Mo., for defendant Ætna Life Ins. Co.

OTIS, District Judge.

In each of these cases, removed here from the state court on defendant's petition, the plaintiff has moved for an order remanding.

Since the facts involved in connection with and the questions of law presented by the several motions are identical, it is necessary to state them only as to the first of the three cases.

The Travelers' Insurance Company, defendant in this case, is a resident and citizen of Connecticut. On March 10, 1922, it entered into a contract of accident insurance with one Charles W. Stoddard. Stoddard's wife, Dorothy Stoddard, now a citizen and resident of Missouri, was named as beneficiary. The petition alleges that Stoddard was accidentally killed October 11, 1933. Further it is alleged that on April 16, 1934, Dorothy Stoddard assigned all of her right, title, and interest in the contract and its proceeds to the plaintiff, Harry Bernblum, a citizen and resident of Connecticut, who thereafter brought this suit to recover on the contract.

The evidence heard when the motion to remand was submitted clearly and convincingly and beyond any real controversy establishes certain facts: (1) Dorothy Stoddard desired to bring suit on the contract of insurance against the defendant and employed Kansas City, Mo., counsel for that purpose. (2) Counsel employed knew that if Dorothy Stoddard sued the defendant in a Missouri state court the case would be removable and probably would be removed to this court and counsel preferred to have the case tried in the state court. (3) For the sole purpose of preventing removal, counsel sought to find some citizen and resident of Connecticut with whom an arrangement might be made whereby he, rather than Dorothy Stoddard, would be plaintiff in a suit on the contract. (4) They

made an arrangement with one Bernblum by which Dorothy Stoddard purported to assign all of her right, title, and interest, by which he in turn purported to authorize her counsel to file suit in his name and to conduct consequent litigation, under which he would be compensated for his services out of the proceeds of the litigation, which proceeds, less deduction for expenses, were to go to Dorothy Stoddard. (5) In truth Bernblum's connection with this case is nominal and colorable only. Dorothy Stoddard and her counsel have exclusive control of the case. The intention of the parties to the arrangement was that Bernblum should have only the bare legal title to the rights of the beneficiary under the insurance contract.

With such a factual situation the question is: Is such a case removable upon any theory?

That it is removable has been argued by counsel for the defendants in these three cases with unusual learning and ability. Eloquently they have urged me to achieve distinction by erecting a barrier in the way of what they say is a new type of fraudulent attack on the rights of nonresident litigants and the jurisdiction of federal courts. They have carried me to the top of a high mountain.

The truth is that the question presented was long ago decided by the Supreme Court; not once only, but thrice. Provident Sav. Life Assurance Society v. Ford, 114 U. S. 635, 5 S. Ct. 1104, 29 L. Ed. 261; Oakley v. Goodnow, 118 U. S. 43, 6 S. Ct. 944, 30 L. Ed. 61; Leather Mfrs. Nat. Bank v. Cooper, 120 U. S. 778, 7 S. Ct. 777, 30 L. Ed. 816. In no later pronouncement of that court has the rule laid down in these cases been overruled, modified, or questioned.

Essentially the same question as that here was involved in Provident Sav. Life Assurance Society v. Ford. The assignment there was precisely of the same character as that here and it was made for the same purpose· and with the same motive. Beyond any doubt it was a maneuver to deprive a nonresident defendant of the right of removal. Essentially the same contentions as are made here against the same maneuver were made there. But the Supreme Court, assuming (114 U. S. loc. cit. 640, 5 S. Ct. 1104, 1107, 29 L. Ed. 261) that the assignment was "colorable merely," that the assignee was the "mere tool" of the assignor, that it was a "fraudulent assignment," said: "The plain answer" (to the contention that the citizenship of the assignor should determine jurisdiction) "is that the action was nevertheless Ford's" (that

is, the assignee's) and that the case was not removable.

It is urged that when the cited cases were decided (1882, 1886, 1887) "the supreme court had not yet fully developed the principle that fraudulent schemes to prevent removal shall fail." That may be true. But, as fully developed, what is that principle? It is this and no more: The federal court will look through a mere sham, created and resorted to for the sole purpose of defeating federal jurisdiction, to discover the true situation both as to parties and causes of action and on the basis of the true situation so disclosed will determine the matter of jurisdiction. Thus, if a plaintiff in his petition states a fictitious cause of action against a resident defendant, joining that cause of action with a cause of action against a nonresident, the court will disregard the fictitious cause of action and the defendant charged therein and will rule the case removable. Thus again, if one sues for the benefit of another and is not himself a real party in interest, only the residence and citizenship of him for whom the suit is brought and the residence and citizenship of the defendant will be considered in determining jurisdiction. Fictitious allegations in the petition purporting to show that the nominal party plaintiff is a real party in interest will be disregarded. If the only real party in interest and the defendant are of diverse citizenship, the case is removable. Missouri K. & T. R. Co. v. Hickman, 183 U. S. 53, 22 S. Ct. 18, 46 L. Ed. 78; Ex parte Nebraska, 209 U. S. 436, 28 S. Ct. 581, 52 L. Ed. 876.

The federal courts never have done more and never reasonably will do more than to strike out the fiction injected into a case by a party to prevent removal and to then determine whether in the true state of facts there is complete diversity of citizenship.

Now if this principle had been developed fully when Provident Sav. Life Assurance Society v. Ford was decided the result would not have been different. If all that was fiction in the arrangement there had been disregarded (as indeed it was disregarded), the plaintiff was still the assignee of the bare legal title to the right asserted in the cause of action. If all that is fiction here in the arrangement between Dorothy Stoddard and Bernblum be disregarded, Bernblum still has the bare legal title to the right asserted in the cause of action. That much of the arrangement between these two was intended by both of them; that much of it certainly is genuine.

Disregarding all that was only colorable (that is, disregarding all that was fictitious); the Supreme Court said in the Ford Case, "the action [is] nevertheless Ford's." Disregarding all that is fictitious in the arrangement here, the action is nevertheless Bernblum's. That the holder of the bare legal title is a real party in interest is established by the overwhelming weight of authority. 47 Corpus Juris, 35.

Although I have carefully considered every argument advanced by counsel and have read every case cited by them, I consider that it is unnecessary to say more.

The motions to remand should be sustained.