**HARRISON et al. v. HARTFORD FIRE INS. CO. OF HARTFORD, CONN.**

**TEMPLETON et al. v. INSURANCE CO. OF NORTH AMERICA OF PENNSYLVANIA.**

Nos. 412, 413.

District Court, W. D. Missouri, S. D.

March 24, 1944.

242

James P. Hawkins, of Buffalo, Mo., and Charles W. Crossan, of Kansas City, Mo., for plaintiffs.

Myers & Snerly, of Chicago, Ill., and Farrington & Curtis, of Springfield, Mo., for defendants.

REEVES, District Judge.

The question for decision in each of the above cases is whether the plaintiff School District had the right and power to assign its chose in action to plaintiff Dorothy Harrison in case No. 412 and Frederick J. Templeton in case No. 413.

It is contended by the removing defendants: (a) That the assignment was fraudulent and for the sole purpose of defeating the jurisdiction of this court, and (b) that the School District was without authority in law to make such an assignment.

Each of these contentions will be noticed and discussed.

■ 1. On the question of fraud in making a colorable assignment to prevent removal, the Supreme Court of the United States in Oakley v. Goodnow, 118 U.S. 43, 6 S.Ct. 944, 945, 30 L.Ed. 61, said:

"'* * * it may perhaps be a good defense to an action in a state court to show that a colorable assignment has been made to deprive the United States court of jurisdiction; but, as before said, it would be a defense to the action, and not a ground of removing that cause into the federal court.'"

In this opinion the court quoted approvingly from an identical ruling made in Provident Savings Life Assur. Society v. Ford, 114 U.S. 635, 641, 5 S.Ct. 1104, 29 L.Ed. 261.

■ The courts have uniformly followed this rule. In addition to the above, a statute of Missouri, being Section 6005, R.S. Mo.1939, Mo.R.S.A., contemplates the assignment of insurance benefits. Note this language:

"* * * and in all actions brought by nonresidents of this state upon any policy issued in this state *in which such nonresident is named beneficiary or which has been assigned to such nonresident * * *.*"

This provision was inserted so as to make insurance companies doing business in this state subject to the service of process where a nonresident assignee of the benefits under a policy issued in this state brought suit.

Judge Ellison of the Supreme Court in a very lucid opinion (State ex rel. Phoenix Mut. Life Ins. Co. v. Harris reported in 343 Mo. 252, 121 S.W.2d 141, 119 A.L.R. 862) sustained the right.

■ The Springfield Court of Appeals in Fogle v. Equitable Life Assur. Co., 123 S.W.2d 595, loc. cit. 597, held unequivocally that:

"* * * the general rule is that a cause of action may be assigned for the sole purpose of defeating removal. Schepman v. Mutual Benefit Health & Accident Ass'n, 231 Mo.App. 651, 104 S.W.2d 777."

2. The remaining question is whether the school district is authorized under the law to make assignment of its choses in action. Under the statute law of Missouri a school district is a municipal corporation. Section 10406 R.S.Mo.1939, Mo.R.S.A., provides:

"Such districts shall be bodies corporate under the numbers and designation thus given them by the county courts, and shall by such numbers and designation be capable of suing and being sued; of holding such real and personal property as may at any time be either donated or purchased in accordance with the laws of this state, * * *."

If the plaintiff school district in these cases be subject to Section 10466, R.S.Mo. 1939, Mo.R.S.A., relating to the organization of town or city school districts, then almost identical language is used: "shall be a body corporate, and known as the school district of ——, and in that name may sue and be sued and possess the same corporate powers and be governed the same as other school districts * * *."

■ By reference to the general law applicable to municipal corporations it is uniformly held that:

"Their powers are to be construed so as to carry into effect every power clearly intended to be conferred, and every power necessary to be implied for the complete exercise of those granted." 43 C.J. § 191, pp. 194, 195.

Referring to the power of municipal corporations, it is the general rule that they have power to make contracts. 44 C.J. § 2122, p. 66.

Moreover, it is a power incidental to corporate existence that a municipal corporation may enter into contracts essential to its existence "and indispensable to the execution of its objects and purposes." 44 C.J. § 2124, pages 66, 67.

The power to sue expressly conferred by statute upon the plaintiff would give it the incidental right to employ such means and methods as it might rightfully choose in collecting the amounts which it claims to be due it. Since it would have the absolute and undeniable right to make assignments of its causes of action, it could not be charged with fraud in doing a thing the law gives it a right to do.

It appears from the transcript that the trial judge in the state court denied removal. He properly did this. The petitioning defendants exercised their right to file transcripts here notwithstanding such denial. The cases, however, were improvidently removed and the motions to remand should be sustained and the cases remanded to the state court from which removed.