George F. HAIR and Warren H. Hinks, Plaintiffs,

v.

**SAVANNAH STEEL DRUM CORPORATION, Defendant.**

Civ. A. No. 5139.

United States District Court
E. D. South Carolina,
Aiken Division.

Sept. 23, 1955.

Robert E. McNair, Allendale, S. C., Solomon Blatt, Jr., Barnwell, S. C., Randolph Murdaugh, Hampton, S. C., for plaintiffs.

Henderson, Salley & Cushman, Aiken, Pierce & Ranitz, Savannah, Ga., for defendant.

TIMMERMAN, Chief Judge.

This is an action for personal injuries, now before me on plaintiffs' motion to remand it to the State Court from which it was removed. The issues raised by the motion are substantially the same as those considered in Lisenby v. Patz, D.C., 130 F.Supp. 670, viz.: (1) Under the law of South Carolina, can an individual who has been injured by the wrongful act of another make an effective assignment of a part of his claim against the wrongdoer? (2) If so, can the assignee maintain an action therefor against the wrongdoer? (3) If so, should the citizenship of the plaintiff assignee be considered on the issue of the removability of the action where the only ground for invoking the jurisdiction of the federal court is diversity of citizenship of the parties? All of these questions were answered affirmatively in Ridgeland Box Mfg. Co., v. Sinclair Refining Co., D.C., 82 F.Supp. 274, where it was held that the federal court had no jurisdiction, the plaintiff assignee and the defendant being citizens of the same state. But in the Lisenby case, supra, Judge Hoffman, sitting in this district by designation, sustained the federal court's jurisdiction on the ground that under the law of South Carolina, a right of action for personal injury is not assignable.

In my opinion, the Lisenby case misconstrued the law of South Carolina. In McWhirter v. Otis Elevator Co., D.C., 40 F.Supp. 11, 15, Judge Wyche said:

" * * * A right of action for personal injuries is assignable where it would, on the death of the assignor, survive to his legal representative. Section 419, Code of Laws of South Carolina, 1932, provides: 'Causes of action for and in respect to * * * any and all injuries to the person * * *, shall survive both to and against the personal or real representative (as the case may be) of the deceased persons'. This section authorizes the assignment of a right of action for tort. Bultman v. Atlantic Coast Line R. Co., 103 S. C. 512, 88 S.E. 279."

The Bultman case, cited in Judge Wyche's opinion, held that Section 3963, South Carolina Code of Laws, 1912 (Section 10–209, South Carolina Code of Laws, 1952), providing for the survival of certain causes of action, has the incidental effect of making such causes of action assignable. Judge Hoffman, viewing this holding as dictum in so far as it applied to claims for injuries of a personal nature, did not feel that he was bound by the Bultman case, but I cannot agree. In an annotation in 40 A.L.R.2d 500 at 508, the majority view respecting the effect of survival statutes on the assignability of claims for personal injuries is thus stated:

"As already noted, rulings that a claim for personal injuries is not assignable are most often rested on the ground that, at common law, such claims did not survive the death of the injured person. From this it follows as a matter of logic that personal injuries are generally, although not always, held to be assignable in jurisdictions in which statutory provision has been made for the survival of such claims."

Eight states are listed as following this view; among them, South Carolina, McWhirter v. Otis Elevator Co., supra, being cited. Four states are listed as following the contrary minority view.

▮ Whatever may have been Judge Hoffman's view as to the effect of South Carolina's Survival Statute, I feel bound to follow the law of South Carolina as declared by its highest Court in Bultman v. Atlantic Coast Line R. Co., supra. I see no significance in the fact that the Bultman case involved only a claim for property damage. The State Supreme Court did not so limit its construction of the Survival Statute. The reasoning of that decision is just as applicable to personal injury claims as it is to property damage claims. Both types of claims survive the death of the injured person under Section 10–209, South Carolina Code of Laws, 1952. The Lisenby case assigns claims for personal injuries the same status as claims for libel and slander. Such claims are not assignable, as pointed out in the Lisenby case, but neither are they within the class of actions which survive under Section 10–209, South Carolina Code of Laws, 1952.

▮▮ It is intimated in the Lisenby case that even if the assignment were valid, the case may nevertheless be removed under the doctrine of "separable controversy," but "separable controversy" is no longer the test for removal under 28 U.S.C.A. § 1441(c). American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S. Ct. 534, 95 L.Ed. 702, 19 A.L.R.2d 738. To be removable, a case must involve a *separate and independent claim or cause of action* which would be removable if sued upon alone.

▮ An order remanding this action to the State Court has been entered.