**Harold LESHEM, Plaintiff,**

v.

**CONTINENTAL AMERICAN LIFE INSURANCE COMPANY, Defendant.**

United States District Court
S. D. New York.
June 25, 1963.

Speiser, Shumate, Geoghan & Law, New York City, for plaintiff; Charles F. Krause, New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, for defendant; Gregory J. Potter, New York City, of counsel.

METZNER, District Judge.

The failure of the named beneficiary of an insurance policy, seeking recovery under the double indemnity provisions of said policy, to make timely demand for a jury trial has resulted in five motions presently before the court.

Florence Katz, the named beneficiary, originally brought suit against the defendant for double indemnity in the Supreme Court of the State of New York on February 6th, 1962. On March 26th, 1962 the action was removed to this court on the ground of diversity, as plaintiff was a citizen of New York and the defendant a citizen of Delaware. When plaintiff woke up to the fact that she had failed to file a timely jury demand, a second action was commenced in this court, in which plaintiff made a timely demand for a jury trial. She then moved for a voluntary dismissal of the first action. Defendant cross-moved for a dismissal of the second action as sham. Judge Tyler denied plaintiff's motion for a voluntary dismissal and granted defendant's motion to dismiss the second action on the ground that plaintiff brought the second action solely to overcome her failure to demand a jury trial in the first action.

Plaintiff then assigned her cause of action to Harold Leshem, a Delaware attorney, who filed a complaint in the New York state court, alleging the assignment and seeking relief on the same grounds asserted in this court by the beneficiary. Defendant removed the action by the assignee to this court and the assignee now seeks remand pursuant to 28 U.S.C. § 1447(c). The motions pending before the court are:

(a) The motion for remand.

(b) A motion by defendant pursuant to 28 U.S.C. § 2283 for an injunction to stay the beneficiary from proceeding with or participating in the action instituted by the assignee. The defendant states that if the

court should grant the injunction, the motion to remand the assignee's action would be moot.

(c) A motion by the defendant to strike the assignee's demand for a jury trial.

(d) A motion by the beneficiary to stay the taking of her deposition by the defendant.

(e) A motion by the assignee to stay the taking of his deposition by the defendant.

The motion for remand of the assignee's claim must be decided first because if that motion is denied there is no necessity to decide the motion pursuant to section 2283. That section relates to the granting of injunctions to stay proceedings in the state court.

On the face of the complaint filed by the assignee, jurisdiction does not exist in the federal court because of lack of diversity between the assignee and the defendant. Defendant, in seeking to retain jurisdiction here, argues that the assignment is colorable and that the beneficiary is the real party in interest. Furthermore, it contends that an assignment to an attorney for the purpose of instituting suit violates section 274 of the Penal Law of the State of New York.

Congress has provided that this court shall not have jurisdiction of an action in which any party has sought by assignment, improperly or collusively made, to invoke the jurisdiction of the court. 28 U.S.C. § 1359. There is no provision, however, where such assignment is made to avoid federal jurisdiction. 3 Moore, Federal Practice ¶ 17.05, at 1320 (2d ed. 1948) and cases cited in footnote 3. If the assignment is colorable or violative of state law and has been made for the purpose of depriving the United States Courts of jurisdiction, the defense should be made in the state courts. Oakley v. Goodnow, 118 U.S. 43, 6 S.Ct. 944, 30 L.Ed. 61 (1886); Provident Savings Life Assurance Society of New York v. Ford, 114 U.S. 635, 5 S.Ct. 1104, 29 L.Ed. 261 (1885).

The motion for remand is granted. The motion to strike the assignee's demand for a jury trial is denied. The motion to vacate the notice to take the deposition of the assignee is granted.

While the deposition that defendant seeks to take of the beneficiary may prove defendant's contention of colorable or illegal assignment to be true, it is not proper to allow deposition proceedings to be had solely for use in the state court action. Sperry Rand Corp. v. Rothlein, 288 F.2d 245, 248 (2d Cir. 1961); In re American Anthracite & Bituminous Coal Corp., 22 F.R.D. 504 (S.D.N.Y.1958). Since this is the only purpose for which the deposition could now be used, the motion to vacate the notice to take her deposition is granted.

We come now to the motion to stay the proceedings in the state court under section 2283. The ground for this motion is that there is presently pending in this court the action by the beneficiary against the defendant, and that an injunction should be issued staying the action by the assignee against the defendant in the state court because it is necessary in aid of the jurisdiction of this court, or to protect or effectuate its judgments. The limited application of section 2283, as interpreted in Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100 (1941), with reference to its predecessor (section 265 of the Judicial Code), has not changed with its amendment. Amalgamated Clothing Workers of America v. Richman Bros. Co., 348 U.S. 511, 514–16, 75 S.Ct. 452, 99 L.Ed. 600 (1955). Both actions are in personam and seek the same relief. In these circumstances an injunction will not issue under section 2283. Reines Distributors, Inc. v. Admiral Corp., 182 F.Supp. 226, 229 (S.D. N.Y.1960); 1A Moore, Federal Practice ¶ 0.219, at 2601, ¶ 0.225, at 2617 (2d ed. 1961).

The motion for an injunction is denied.

So ordered.