G. Edward HEAPE and E. H. Howe,
Plaintiffs,

v.

Martin L. SULLIVAN, Defendant.

Civ. A. No. 8140.

United States District Court
E. D. South Carolina,
Charleston Division.

Aug. 19, 1964.

Murdaugh, Eltzroth & Peters, Hampton, S. C., for plaintiffs.

Sinkler, Gibbs & Simons, Charleston, S. C., Holland Smith, Hampton, S. C., for defendant.

SIMONS, District Judge.

This is a tort action originally commenced in the Court of Common Pleas for Hampton County, South Carolina for personal injuries allegedly sustained by the plaintiff, G. Edward Heape, a resident of Hampton County, South Carolina, as the result of an automobile collision which occurred on August 24, 1962 in South Carolina when plaintiff's automobile was struck by an automobile operated by the defendant, Martin L. Sullivan, a resident of the State of Florida. The Complaint also alleged that plaintiff, E. H. Howe, was a resident of the State of Florida and had, prior to the institution of the action, acquired from the plaintiff, G. Edward Heape, the "legal title and beneficial interest and ownership in and to an undivided one-one hundredths [1/100ths] interest in all claims * * * causes of action for personal injuries * * * which the said plaintiff, G. Edward Heape, has against the defendant", on account of the matters and things alleged in the Complaint.

The defendant thereafter, on February 3, 1963, removed the case to this Court, alleging in his Petition that the assignment to plaintiff, E. H. Howe, was invalid and that said plaintiff had "no real or bona fide interest in this action or in the claim of the plaintiff, G. Edward Heape, therein, having been joined superficially in this action as a party-plaintiff on a sham and collusive basis solely for the purpose of defeating your petitioner's constitutional and statutory right to remove the case from the Court of Common Pleas for Hampton County, South Carolina to the United States Court on

the ground of the diversity of citizenship between the plaintiff, G. Edward Heape, and your petitioner".[1]

The plaintiffs thereafter, on September 5, 1963, filed their Motion to Remand the cause to the Court of Common Pleas for Hampton County, South Carolina on the ground that said cause was improperly removed to this Court and that this Court is without jurisdiction.

The Motion to Remand was heard before the Court upon oral arguments of counsel for plaintiffs and defendants; and thereafter counsel for the parties submitted written briefs and arguments in support of their positions.

In his argument, plaintiffs' counsel admitted that the purpose of the assignment of the one-one hundredths [$\frac{1}{100}$ths] interest in said cause of action to plaintiff, E. H. Howe by plaintiff, G. Edward Heape, was for the specific purpose of defeating Federal jurisdiction. Counsel further exhibited to the Court a properly executed assignment from G. Edward Heape to E. H. Howe conveying the one-one hundredths [$\frac{1}{100}$ths] interest in subject cause of action.

Defendant's counsel argued that assignee plaintiff, E. H. Howe, was not a bona fide party, that she was an aunt of one of plaintiffs' attorneys in the action, that she had no real or bona fide interest in the claim of the real plaintiff, Heape, having been joined superficially on a sham and collusive basis solely for the purpose of defeating Federal jurisdiction; further, that the name of the same plaintiff, E. H. Howe, had been previously used by the same firm of attorneys in at least two [2] other causes of action, and that such conduct established a pattern of sham and collusion designed to deprive Florida defendants of their rights to remove causes from the Hampton County, South Carolina Court of Common Pleas to the United States Court. The record in the case contains the deposition testimony of plaintiff, E. H. Howe, substantiating the fact that she had little familiarity or knowledge with the assignment in this case and in the assignments to her in the other cases in which she had appeared as a party-plaintiff in suits brought by plaintiffs' attorneys herein; and that some of her purported signatures on instruments in the records of the prior cases were not genuine, and had been signed by someone else. The record in this case also contains deposition testimony taken by the defendant of a handwriting expert, which substantiates the fact that some of the purported signatures of plaintiff, E. H. Howe, in the Joe Hopkins case [one of the former cases alleged in defendant's Petition for Removal], were not genuine.

The defendant's position in the instant case, as stated in his Memorandum and Opposition to Plaintiffs' Motion to Remand, is "that the fraud and collusion established in the Joe Hopkins case, involving the same one-one hundredths [$\frac{1}{100}$ths] plaintiff and the same attorneys, infects and permeates the instant case as a continuation thereof and cannot be separated from the scheme or pattern designed to defeat removal".

While the Court does not look with favor or condone some of the matters asserted by defendant and substantiated by the record in this case, in reference to prior transactions between the plaintiff, E. H. Howe, and plaintiffs' attorneys, it cannot in this particular case say that the assignment of the one-one hundredth [$\frac{1}{100}$th] interest to plaintiff, E. H. Howe, by the plaintiff, G. Edward Heape, was not bona fide and was not made in good faith. A properly executed assignment was presented to the Court, and the allegations of the Complaint negatived diversity of citizenship, upon which Federal Jurisdiction was predicated in this case. There is nothing before the Court in this case to indicate that the particular assignment involved here was not valid, bona fide and made in good faith. The Courts have repeatedly held that causes of action for tort due to personal injury are assignable in South Carolina. Bultman, et al. v. Atlantic

1. Page 2 of defendant's Petition for Removal.

Coast Line Railroad Company, 103 S.C. 512, 88 S.E. 279 [1950]; Doremus v. Atlantic Coast Line Railroad Company, 242 S.C. 123, 130 S.E.2d 37C [1963]; Ridgeland Box Mfg. Co. v. Sinclair Ref. Co., 82 F.Supp. 274 [E.D.S.C.1949]. This case was cited with approval by the South Carolina Supreme Court in Ridgeland Box Mfg. Co. v. Sinclair Ref. Co., 216 S.C. 20, 56 S.E.2d 585 [1949]. Hair v. Savannah Steel Drum Corp., 161 F. Supp. 654 [E.D.S.C.1955], in which Judge Timmerman disagreed with the results reached by Judge Hoffman in Lisenby v. Patz, 130 F.Supp. 670 [E.D.S.C. 1955], the latter case holding that the assignment of a personal injury claim was not valid in South Carolina; Roger T. Cook and Sol Blatt, Jr. v. Glen Falls Indemnity Co. C/A #5145, Aiken Div., E.D. S.C. Sept. 23, 1955 [not reported]; and the fact that the assignment was made to defeat Federal Jurisdiction does not in-invalidate the assignment. In Mecom, Admr. v. Fitzsimmons Drilling Co., et al., 284 U.S. 183 [1931] at pages 188, 189, 52 S.Ct. 84 at pages 86, 87, 76 L.Ed. 233, the Court said:

> "The respondents assert that the present case is taken out of the general rule by its peculiar facts which it is alleged demonstrate that a fraud was perpetrated to avoid federal jurisdiction. They point out that, after the widow in her capacity as administratrix had repeatedly failed to prevent the removal of her successive actions, her attorney had her resign and nominate in her stead the petitioner, who did not know her, had not known the decedent, knew of no assets in Louisiana, and consented to be substituted for her as a favor to her attorney; that petitioner did not sign his own bond, did not come to the state of Oklahoma to be appointed, and upon his appointment at once named the widow as his state agent in Oklahoma. They concede, as they must, that as a nonresident he was qualified under the Oklahoma law, if appointed by the probate court to act as adminis-

trator. His appointment was regular and in accordance with the statutes and the decree of the probate court may not be collaterally attacked in the present proceeding. [Citations omitted.] It is nevertheless insisted that, if the petitioner's appointment was accomplished for the purpose of avoiding diversity of citizenship and consequent removal into the United States [C]ourt, the parties to that proceeding—the petitioner, the widow, and her attorney—were in a conspiracy to defeat federal jurisdiction. "But it is clear that the motive or purpose that actuated any or all of these parties in procuring a lawful and valid appointment is immaterial upon the question of identity or diversity of citizenship."

In W. A. Moody, et al. v. Gertrude Gochenover, C/A #AC–1048, Aiken Div., E.D. S.C. [not reported] April 11, 1963, Judge Dalton ordered a remand to the State Court in a similar case, where plaintiff's attorney admitted that the purpose of the assignment of the one-one hundredths [¹⁄₁₀₀ths] interest in the personal injury cause was to prevent Federal Jurisdiction.

█ It is the Court's opinion that the State Court is the proper forum for defendant to assert collusion and fraud in connection with the assignment and to test its validity for bona fides. Oakley v. Goodnow, 118 U.S. 43, 6 S.Ct. 944, 30 L.Ed. 61; Leshem v. Continental American Life Ins. Co., 219 F.Supp. 504, S.D. N.Y. [1963]. In the Leshem case the plaintiff assigned her claim as beneficiary of a double indemnity life insurance policy. Upon Motion to Remand the Court said that upon the face of the Complaint jurisdiction did not exist in the Federal Court because of lack of diversity, and that if defendant wished to raise any questions as to the color of the assignments, he should do so in the State Court. The Court further stated at page 506:

> "Congress has provided that this court shall not have jurisdiction of an action in which any party has

sought by assignment, improperly or collusively made, to invoke the jurisdiction of the court. 28 U.S.C. § 1359. There is no provision, however, where such assignment is made to avoid federal jurisdiction. 3 Moore, Federal Practice § 17.05, at 1320 (2d ed. 1948) and cases cited in footnote 3. If the assignment is colorable or violative of state law and has been made for the purpose of depriving the United States Courts of jurisdiction, the defense should be made in the state courts."

I have reached the conclusion that this case has been improperly removed to this Court and that Motion to Remand should be granted. Accordingly it is

Ordered that this cause be, and the same is hereby remanded to the Court of Common Pleas for the County of Hampton, South Carolina, without prejudice to the defendant.