Norman R. KING, a minor, by his Guardian ad Litem, Nancy King, and A. D. Cannon, Jr., Plaintiffs,

v.

C. T. McMILLAN, d/b/a Barker-McMillan Hatchery Company, Defendant.

Civ. A. No. GR 65–25.

United States District Court
D. South Carolina,
Greenville Division.

April 7, 1966.

Paul J. Foster, of Mann, Foster, Johnston & Ashmore, Greenville, S. C., for plaintiffs.

James H. Price, and William B. Price, Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Plaintiff's motion to remand places the issue of jurisdiction before this Court.[1] The original complaint, pursued in the Court of Common Pleas for Greenville County, South Carolina, was dated November 19, 1965, and, as the court was informed this day, was served through the authority of the South Carolina State Highway Department[2] in such matters, on November 29, 1965. The parties admit that Norman R. King, as well as his Guardian ad Litem, and mother, are citizens and residents of South Carolina, and A. D. Cannon, Jr. is a resident of Georgia. For diversity consideration, all agree that defendant is a resident of the State of Georgia.

Cannon's admitted interest is by virtue of an alleged assignment filed with this court in the form of an approval Order of the Honorable Frank Eppes, Judge, Thirteenth Judicial Circuit of South Carolina, dated November 1, 1965, pursuant to verified petition of Nancy King, dated October 20, 1965. The petition to Judge Eppes asks the South Carolina court to authorize the assignment for the following reasons:

### IV

Your petitioner is informed and believes that in order to assure the retained jurisdiction in Greenville County, South Carolina, it will be necessary to assign an interest in the aforesaid cause of action to a resident of the State of Georgia, and that one A. D. Cannon, Jr. is a resident of the State of Georgia and is willing to accept an assignment of a one one-hundredth (1/100th) interest in the cause of action of the minor, Norman R. King.

### V

The said A. D. Cannon, Jr. has agreed as part of the consideration for this assignment to pay certain outstanding medical bills which are now due and owing by your petitioner and your petitioner is financially unable to satisfy the medical expenses incurred to date.

Defendant complains that the Order approving assignment, although dated November 1, 1965, was not *filed* in the Office of the Greenville County Clerk of Court until December 20, 1965. The legislature of South Carolina has not yet seen fit to direct a strict chronology or practice of filing papers involved in civil suits in the state courts. For the purposes of this decision this court must consider, but not here test or experiment, in the climate of state procedural practice.[3] The legislature has emphasized that any lack of strict interpretation of pleadings is in the interest of justice.[4] The statutes as to filings are general.[5]

This court cannot, will not, on the facts and pleadings now before it, invade the sanctity of the approval Order,

---

1. 28 U.S.C. §§ 1332, 1333.

2. S.C.Code for 1962, Sections 10–431, 10–431.1, 46–104.

3. Szantay v. Beech Aircraft Corp., 349 F. 2d 60, 65 (4th Cir. 1965) citing Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 95 L. Ed. 1212 (1951).

4. S.C.Code Ann. § 10–602 (1962): Pleadings to be liberally construed. In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a

view to substantial justice between the parties.

5. S.C.Code Ann. § 15–1761 (1962): Record of court proceedings; filing papers. The clerk shall make a full, fair and correct entry and record of the proceedings of the courts and other matters pertaining to his office in the various books required to be kept, conforming to the mode prescribed by law, order of the court or usage of the office. He shall file in their proper order original papers in causes instituted or other authorized proceedings

or pierce the veil of authority erected by the signature thereon. If any fraud or collusion exists in connection with the assignment, the state court is the proper forum for pursuit of same.[6] In Heape v. Sullivan[7] the assignment, by a South Carolina resident of a 1/100th interest in his cause of action (against a Florida resident) to a Florida resident was held sufficient to defeat diversity[8] jurisdiction. South Carolina has previously held[9] that causes of action for tort which survive, are assignable, while those that do not are not assignable.

■■ Defendant seeks to invoke the limited jurisdiction of this court by re-moval.[10] The burden is on defendant-petitioner to establish grounds for removal.[11] Jurisdiction of this court is not divested here under section 1359's[12] proscription of collusive joinder, for the alleged, yet unestablished, collusion here charged was to defeat this jurisdiction.

Jurisdiction fails because the defendant has not sustained the burden of establishing the grounds for removal.

Petition for removal denied.

Cause remanded to the Court of Common Pleas for Greenville County, South Carolina.

And it is so ordered.

and preserve with care all papers, books and furniture pertaining to or connected with his office.

S.C.Code Ann. § 15–1764 (1962): Filing and endorsement of papers. The original papers of record in each cause wherein judgment may be signed or confessed or decree may be entered shall be filed according to the number of enrollment in the book of abstracts of judgments or decrees, placing all the papers in each cause together. Original papers in the sessions shall be filed according to the term at which they were disposed of, alphabetically arranged for each term according to defendants' names, all relating to the same cause together. Other papers required to be returned to or kept in the office shall be endorsed with the character, date of filing and number on file, numbering each kind from one onward and keeping all relating to the same matters together under the same number, and shall be filed according to date and number in appropriate boxes with suitable labels, put up in packages and dated according to the year in which they may be filed. Upon the envelope or card there shall be an endorsement of the description or kind of papers therein and reference to number under the following heads: Bonds in attachment, bonds of constables, certificates from the Supreme Court, appeals, commissions, inquests by the coroner, reports, etc., de lunatico inquirendo, naturalization, venire facias, dower, partition, escheats, affidavits, attachments for contempt and rules and sessions papers disposed of to be transferred after judgment when authorized. The following endorsements shall be made upon the record when the proceedings warrant it:

(1) On the judgment roll, the date when filed, number on docket, date and amount of judgment in figures, amount of taxed cost, judgment when signed, execution, date of issuing and, at the top at some conspicuous place, the number roll;

(2) On bills of indictment. the date and character of filing by grand jury, number on docket, arraignment, verdict or other disposition, date, amount of tax costs, execution, date of issuing and kind; and

(3) On all papers returned by magistrates in the sessions their character and date of filing.

On every execution before it leaves the clerk's office, shall be endorsed, near the top, the number roll or, if in the sessions, the term under which the case is filed and, in all instances when an execution is returned for renewal, the fact and date of such renewal shall be endorsed on the execution so returned and on the renewed execution shall be endorsed the date when first execution was lodged in the sheriff's office.

All original papers in dower, partition of real estate and inquisitions shall be filed according to number roll, the papers pertaining to each case being placed together and the number roll plainly endorsed on the envelope or outside paper and also the book and page of record.

6. Heape v. Sullivan, 233 F.Supp. 127, 129 (E.D.S.C.1965) citing Oakley v. Goodnow, 118 U.S. 43, 6 S.Ct. 944, 30 L.Ed. 61 (1886).

7. Id.

8. See 28 U.S.C. § 1332.

9. Doremus v. Atlantic Coast Line R. Co., 242 S.C. 123, 130 S.E.2d 370 (1963).

10. See 28 U.S.C. § 1441.

11. Rawls v. Ryder Truck Rental Inc., 236 F.Supp. 116, 119 (E.D.S.C.1964).

12. See 28 U.S.C. § 1359.