Alfred H. VERSCHELL, Plaintiff,

v.

**FIREMAN'S FUND INSURANCE COM-
PANY and Security National Bank
of Long Island, Defendants.**

No. 66 Civ. 2164.

United States District Court
S. D. New York.

Aug. 24, 1966.

Goldstein & Goldstein, New York City,
for plaintiff, Gilbert Goldstein, New
York City, of counsel.

Weintraub & Fass, New York City, for
defendant, Fireman's Fund Ins. Co.,
Charles T. Weintraub, New York City, of
counsel.

WYATT, District Judge.

This is a motion by plaintiff to remand
the action to the New York Supreme
Court, from whence it was removed by
defendant Fireman's Fund Insurance
Company ("Fund").

The remand is sought on the ground
that the case "was removed improvident-
ly and without jurisdiction". 28 U.S.C.
§ 1447(c).

The papers show the following state of
affairs.

Sawka, apparently a citizen of New
York, was the owner of a building in
West Islip on Long Island. The build-
ing was mortgaged to defendant Security
National Bank of Long Island (the
"Bank").

Sawka obtained an insurance policy
from Fund insuring against loss by fire
damage to the building, or to the stock of
goods therein, or to household and per-
sonal property therein, and also insuring
against loss caused by business interrup-
tion due to fire. This policy contained
a New York Standard Mortgage clause
providing that any loss on the building
should be payable to defendant Bank, as
mortgagee, as its interest might appear.

Fund is a California corporation. It
does not appear where its principal place
of business is located, but the parties as-
sume it is not in New York, so that Fund
for present purposes is considered a
California citizen (28 U.S.C. § 1332(c)).

The Bank is a national banking asso-
ciation (12 U.S.C. §§ 21 and following)
located in the State· of New York and
thus a citizen of New York (28 U.S.C. §
1348).

Sawka claimed that the building and contents were damaged by fire.

 Apparently in order to defeat removal by Fund. Sawka assigned to plaintiff, a citizen of California. It has for many years been established that an assignment to defeat removal, if valid as an assignment by State law, is effective to defeat removal. Oakley v. Goodnow, 118 U.S. 43, 6 S.Ct. 944, 30 L.Ed. 61 (1886); see also Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931); 3 Moore's Federal Practice (2d ed.) 1320–24.

Plaintiff assignee then began an action on the policy in the New York Supreme Court against Fund and the Bank. The latter was joined as a defendant because under New York law the mortgagee is a necessary party in such a situation if the judgment is to be binding on the mortgagee. Syracuse Savings Bank v. Yorkshire Ins. Co., 301 N.Y. 403, 94 N.E.2d 73 (1950). No relief was asked *against* the Bank; on the contrary judgment was asked in substance in favor of plaintiff and defendant Bank as their interests might appear.

The Bank filed an answer in the State Court asserting a cross-claim against Fund for $17,560.15 as the alleged interest of the Bank in the policy, namely, the unpaid amount due on the mortgage.

Fund then removed the action to this Court. The petition did not make entirely clear the ground of removal but, with the opposing affidavit on this motion, it is evident that a right of removal is asserted on the ground that the parties to the cross-claim are of diverse citizenship, that the cross-claim is "a separate and independent claim", and that 28 U.S.C. § 1441(c) thus applies.

It is clear to me, however, that the joinder of claims to which 28 U.S.C. § 1441(c) refers is solely the joinder in the complaint by the *plaintiff*. The principle is that if plaintiff has not joined "a separate and independent claim" *by him* which is removable, then no defendant in any cross-claim thereafter filed has any right of removal. See 1A

Moore's Federal Practice (2d ed.) 1046–48.

The motion is granted and the case is remanded to the New York Supreme Court, New York County.

So ordered.