THE HARTFORD ACCIDENT AND INDEMNITY COMPANY
vs. HARRY BERNBLUM.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued March 2d—decided April 7th, 1937.

*Thomas R. Robinson*, with whom was *Daniel L. O'Neill*, for the appellant (plaintiff).

*George E. Beers* and *William L. Beers*, for the appellee (defendant).

MALTBIE, C. J.  In this action the plaintiff's sole claim for relief was for the issuance of an injunction restraining the defendant from taking any action to recover upon a policy of insurance, the claim upon which had been assigned to him, and, specifically, to restrain him from further prosecuting an action he had brought upon the policy in the courts of Missouri. The facts material to the issue before us as stated in the finding, with such minor corrections as the plaintiff is entitled to have made, are as follows:  The plaintiff is a Connecticut corporation engaged in the insurance business and licensed to carry on that business in Missouri.  It issued a policy in Missouri insuring James E. Trexler, a resident of that State, against loss of life due to accident, the policy being payable to his wife, also a resident of that State.  He was killed in an automobile accident.  The plaintiff refused to pay the amount of the insurance to Mrs. Trexler.  She thereupon assigned her claim upon the

policy to the defendant, an attorney at law, who resides in Connecticut and has never been in Missouri in connection with the matter involved in this action. The assignment purported to transfer to the defendant the complete legal and equitable title to the claim under the policy and he agreed to enforce it and, after deducting all costs and expenses, to hold the proceeds in trust for Mrs. Trexler. He undertook the trusteeship created by the assignment in the general course of his practice of law, expecting to receive reasonable compensation for his services. On one previous occasion he had taken a similar assignment of a claim upon an insurance policy and brought suit thereon in the courts of Missouri; and he is now the assignee of two other claims against Connecticut insurance companies, upon policies issued by them in Missouri, one based upon another policy of insurance upon the life of Trexler not issued by the plaintiff. Actions to restrain him from proceeding to enforce the claims under the last two assignments in the courts of Missouri are now pending. He has never engaged in the practice of soliciting claims against Connecticut insurance companies doing business in other States but has taken the assignments in the regular course of his practice as an attorney.

In pursuance of the arrangement made with reference to the assignment involved in this action, he executed at New Haven a general power of attorney to attorneys in Missouri authorizing them to institute an action upon the policy in the courts of that State in his name. The laws of Missouri recognize the legality of such an assignment and permit the assignee to sue thereon. The purpose of the assignment was, as the defendant frankly stated in his testimony, to permit an action upon the policy to be brought in the courts of Missouri and to prevent a diversity of citizenship

of the parties to the action which would permit a removal to the federal courts. An action in the name of the defendant was begun in the Missouri courts upon the policy. The plaintiff thereupon took the necessary steps for the removal of the case to the United States District Court for the Western District of Missouri, but upon motion of the defendant and after hearing that court held that the action was not removable and remanded the case to the Missouri courts. The action proceeded in them until the defendant was restrained by a temporary injunction issued in this case from further prosecuting it. At the final hearing the trial court gave judgment for the defendant and the plaintiff has appealed. No issue as to the defendant's right to recover on the policy is involved in the decision of the case before us, and so much of the finding and draft-finding as bears solely upon that issue has no place in the case.

It is undoubtedly true, as the plaintiff claims, that the assignment to the defendant, made without consideration other than the obligation assumed in it and solely for the purpose of preventing the removal of the case to the United States courts, did not give him such an equitable and bona fide ownership of the claim that he could have sued thereon in this State. General Statutes, § 5531; *Muller* v. *Witte,* 78 Conn. 495, 62 Atl. 456. It may also be true, although upon this we express no opinion, that, while we have never adopted the common law of champerty and maintenance in this State as applied to civil actions, such an assignment as that made to the defendant might be held to be violative of our public policy. *Rulnick* v. *Shulman,* 106 Conn. 66, 70, 136 Atl. 865. These considerations would not, however, be sufficient ground in themselves to afford the plaintiff the relief sought, for we would not be justified in seeking to im-

pose upon the courts of another State our own public policy nor could we give extraterritorial effect to our statutes.

That the plaintiff has no right to remove the case in Missouri to the federal court was definitely determined by the order of the United States court remanding it to the Missouri court, an order made, as appears from the decision rendered, with full knowledge of the nature and purpose of the assignment. The provision of the United States Constitution giving the federal courts jurisdiction of actions between citizens of different States is not self-executing and Congress has conditioned the right of removal in various ways. 28 U. S. C. A., § 71 and following. While under the acts of Congress an assignment made simply for the purpose of creating a diversity of citizenship will not afford a basis of removal, an assignment made to avoid such a diversity will be effective to prevent a removal. *Provident Savings Life Assur. Soc.* v. *Ford,* 114 U. S. 635, 640, 5 Sup. Ct. 1104; *Oakley* v. *Goodnow,* 118 U. S. 43, 6 Sup. Ct. 944; *Leather Manufacturers National Bank* v. *Cooper,* 120 U. S. 778, 7 Sup. Ct. 777; and see *Mecom* v. *Fitzsimmons Drilling Co., Inc.,* 284 U. S. 183, 190, 52 Sup. Ct. 84. The right of removal is not absolute but is qualified and subject to defeat. This must be borne in mind in reading the quotation made in the plaintiff's brief from *Oakley* v. *Goodnow,* supra, p. 45, where the court, after pointing out that a merely colorable assignment might be effective to prevent a removal, said: "Under the law as it now stands resort can only be had to State courts for protection against the consequences of such an encroachment on the rights of the defendant." What the court then had in mind is perhaps better expressed in *Provident Savings Life Assur. Soc.* v. *Ford,* supra, p. 641, where it said: "And by analogy to this

law, it may, perhaps, be a good defence to an action in a State court, to show that a colorable assignment has been made to deprive the United States court of jurisdiction; but, as before said, it would be a defence to the action, and not a ground of removing that cause into the federal court." Of course that defense, if it existed, could only be made in the particular action in question and its basis must be found in the laws of the State in whose courts that action is pending. *Hayday* v. *Hammermill Paper Co.*, 176 Minn. 315, 223 N. W. 614, 63 A. L. R. 210.

In the situation before us the plaintiff has not been denied any right which it might claim under the laws of Missouri or the laws of the United States. If it is to have relief it must be because a suit upon the policy in Missouri would subject it, a corporation of this State, to a claimed disadvantage at the hands of the defendant, a citizen of this State, which would not be permitted under our law. Of the right of the courts of a State in a proper case to restrain one of its citizens from prosecuting an action in another State there can be no doubt. *Dehon* v. *Foster*, 86 Mass. (4 Allen) 545; *Cole* v. *Cunningham*, 133 U. S. 107, 10 Sup. Ct. 269; *American Express Co.* v. *Fox*, 135 Tenn. 489, 491, 187 S. W. 1117. One of the most usual grounds for such action is the fact that the party enjoined has sought by resort to the courts of another jurisdiction to deprive a fellow citizen of some benefit which should rightfully be accorded him under the law of the State of their common residence. 14 R. C. L. 415. In considering this remedy, however, it must be remembered that a resident of one State may ordinarily resort to another State to assert there any transitory cause of action he has, provided he can bring the defendant or his property within the jurisdiction of its courts. *Artman* v. *Artman*, 111 Conn. 124, 127, 149

Atl. 246; *Fine* v. *Wencke,* 117 Conn. 683, 169 Atl. 58. Under this principle, unless some wrong recognized by the law is thereby done, one resident of a State may sue a fellow resident in the courts of another State and there avail himself of the remedies afforded by its laws. *Warner* v. *Jaffray,* 96 N. Y. 248, 258.

Placing these principles together, it becomes evident that the former is a limitation upon the latter and the essential basis of the relief given by injunction is that the bringing of the suit in the other State is an abuse of the right which a resident would otherwise have there to prosecute a transitory cause of action. In other words, underlying the cases in which relief by injunction has been granted is the fact that the proper forum for the determination of the rights and liabilities of the parties is the State of their common residence. The fact that both parties are residents of the same State, as appears from what has been said, is not enough to justify the issuance of an injunction, but that relief must be founded upon the fact that to permit resort to the courts of another State would subject the party seeking to prevent it to a disadvantage unconscionable because the laws properly to be applied in resolving the controversy are those of the State of their common residence.

When the plaintiff, licensed to carry on its business in the state of Missouri, embarked upon that business its position became that tersely stated in 17 Fletcher, Corporations, p. 148: "A corporation which avails itself of the comity of a foreign state to transact business therein is subject to the responsibilities and burdens which such state imposes, and is ordinarily entitled to its privileges, benefits and exemptions." In 8 Thompson, Corporations (3d Ed.) § 6585, it is said: "A foreign corporation which has complied with the provisions of the law entitling it to admission to a

state and doing business under its authority, is, so far as pertains to the business done in the state and of matters connected therewith, entitled to the benefit and subject to the laws of the state to the same extent as a domestic corporation. The corporation subjects itself to the policies and laws of the domestic state." Of the rights and obligations of one of our insurance companies licensed to do business in New York and having there the amount of property required by its laws with reference to foreign insurance companies, we said: "The defendant complied with both requirements; appointed and empowered the agent, and continuously thereafter held the required amount of property there exposed to an execution. The legal result of this combination of requirement and submission is, that on the day of the execution of the policy the defendant had, and from thence hitherto has continued to have, a legal location in the state of New York, by the act of its Legislature, for the purpose of determining, in the event of a contest between its own citizens, which of them is entitled to receive the amount payable under one of its policies, and of enforcing payment from its property therein. Hutchinson, the other party to the contract, is also a resident there; the property insured was there; the loss occurred there. The situs of the debt under the policy is as if both parties to it were natural persons resident in that state, and had entered into a contract expressly providing for execution there." *Crouse* v. *Phoenix Ins. Co.*, 56 Conn. 176, 182, 14 Atl. 82. See also *Lovejoy* v. *Isbell*, 70 Conn. 557, 561, 40 Atl. 531; *Low* v. *Pressed Metal Co.*, 91 Conn. 91, 96, 99 Atl. 1; *New England Mutual Life Ins. Co.* v. *Woodworth*, 111 U. S. 138, 145, 4 Sup. Ct. 364.

The finding is that the policy of insurance here in question was issued in Missouri, upon the life of a

resident of Missouri, and payable in case of his death to his wife, who is also a resident of that State. It is not the courts of Connecticut, but the courts of Missouri, to which any person seeking recovery upon the policy would properly and naturally have recourse to assert his rights. There is no impropriety in leaving the determination of the rights and liabilities of the parties to be made in proceedings in Missouri. Indeed, it hardly becomes the plaintiff, having had the advantage of the laws of Missouri in the conduct of its business there now to seek to avoid the determination of the issues which have arisen in its courts because it believes it will be subjected to some burden to which it might not be subjected in this State. If the beneficiary in the policy can secure some advantage through an action brought there, whether by herself or by the defendant as her assignee, there is nothing unconscionable in the situation which would justify the issuance of an injunction by the courts of this State restraining the plaintiff from prosecuting the suit.

There is no error.

In this opinion the other judges concurred.