ROBERT BORIS BEACHBOARD *v.* THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK (3731)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Argued December 3, 1985—decision released January 14, 1986

*Robert Boris Beachboard,* pro se, the appellant (plaintiff), filed a brief.

*Paul F. Thomas,* for the appellee (defendant).

PER CURIAM. This is an appeal from the dismissal of the plaintiff's action for lack of personal jurisdiction over the defendant, commonly known as Columbia University. The plaintiff, proceeding pro se, brought an action against the university, a foreign nonprofit corporation, for the alleged misrepresentation of its

admission policy after the plaintiff was repeatedly denied admission as a graduate student. The complaint was served on the chairman of the university's board of trustees at his residence in Connecticut.

Our review of the record in this case indicates that there was no statutory basis for the exercise of personal jurisdiction over the university and, therefore, the trial court was correct in granting its motion to dismiss. The plaintiff is incorrect in his claim that the university is a foreign partnership over which personal jurisdiction was obtained by serving a partner residing in the state pursuant to General Statutes § 52-57. Instead, the issue of personal jurisdiction in this case is governed by General Statutes § 33-519 (c),[1] which sets forth the specific statutory requirements for jurisdiction over a foreign corporation, none of which is satisfied in this case. See *Lombard Bros., Inc.* v. *General Asset Management Co.*, 190 Conn. 245, 253, 460 A.2d 481 (1983). In fact, the only connection alleged in this case between the plaintiff, the university and this state is that the chairman of the university's board of trustees resides in this state, which alone fails to satisfy any of the statutory requirements for exercising personal jurisdiction over the university. Further,

[1] General Statutes § 33-519 (c) provides: "Every foreign corporation shall be subject to suit in this state by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is conducting or has conducted affairs in this state on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any solicitation in this state by mail or otherwise if the corporation has repeatedly so solicited; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or a single act and whether arising out of misfeasance or nonfeasance."

See also General Statutes § 33-411 (c) relating to foreign stock corporations.

the plaintiff has not alleged that he is a resident of this state or has a usual place of business in this state as required by General Statutes § 33-519 (c).

There is no error.