**CONNECTICUT GENERAL LIFE INSURANCE CO.; Colonial Metro Limited Partnership**

v.

**SVA, INC.**

v.

**GRODSKY SERVICE, INC., t/a Harry S. Grodsky & Co., Inc.**

**Civ. No. H–89–430 (PCD).**

United States District Court, D. Connecticut.

July 26, 1990.

Stuart G. Blackburn, Suffield, Conn., for Colonial Metro Ltd. Partnership.

Louis B. Blumfeld, Cooney, Scully & Dowling, Hartford, Conn., Miles A. Jellinek, Cozen & O'Connor, P.C., Philadelphia, Pa., Pro Hac Vice, for Connecticut General Life Ins.

Harold C. Donegan, Ruth Beardsley, Barry P. Beletsky, Richard P. Sperandeo, Sperandeo & Donegan, Frederick W. Danforth, James E. Wildes, Danforth & Morin, New Haven, Conn., for SVA, Inc.

Maureen Danehy Cox, Waterbury, Conn., Joseph M. Bonassar, Stratford, Conn., James K. Robertson, Jr., Leonard M. Isaac, Carmody & Torrance, Waterbury, Conn., Zoe Ileana Martinez, Rumberger, Kirk, Caldwell, Cabaniss, Burke and Wechsler, Miami, Fla., Pro Hac Vice, for Metraflex Co.

Richard J. Kenny, Howard, Kohn, Sprague & Fitzgerald, Hartford, Conn., for third party defendant Grodsky.

## RULING ON MOTION TO DISMISS

DORSEY, District Judge.

Plaintiffs, owner/lessor and lessee of the Metro Office Building in Hartford, commenced this action against defendant, SVA, Inc. ("SVA"), alleging damages from an incident of June 16, 1987 during which two flexible connectors, supplied by SVA, in the building's chilled water piping system ruptured causing water leaks. The complaint was brought pursuant to Connecticut's Products Liability Act, Conn.Gen.Stat. § 52–572m, *et seq.* Plaintiffs have brought a similar action, H–88–712 (PCD) consolidated with this case, against Grodsky Service, Inc. ("Grodsky"), which installed the connectors.

SVA's third-party complaint against Grodsky, the third-party defendant, seeks contribution and indemnification alleging negligence by Grodsky in selecting and installing the connectors[1]. Grodsky moves to dismiss the third-party complaint for lack of personal jurisdiction under Connecticut's long-arm statute. In addition, Grodsky moves to dismiss the claim for indemnification (Count II) for failure to state a claim, Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, Grodsky's motion to dismiss is denied.

## DISCUSSION

1. Personal Jurisdiction

The law of the forum state governs the exercise of in personam jurisdiction in a diversity action. *Hoffritz For Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985); *Arrowsmith v. United Press Int'l,* 320 F.2d 219, 223 (2d Cir.1963) (en banc). The existence of personal jurisdiction involves a two-step analysis. First, it must be determined whether the state's long-arm statute applies to the defendant. Second, if the statute is applicable, it must

---

**1.** By third-party complaint, dated August 30, 1989, SVA seeks contribution and indemnification from The Metraflex Co. ("Metraflex"), the manufacturer of the flexible connectors, seeking contribution and indemnification.

be determined whether the exercise of the jurisdiction comports with due process. *McFaddin v. National Executive Search, Inc.*, 354 F.Supp. 1166, 1168 (D.Conn.1973); *Lombard Bros. v. General Asset Management Co.*, 190 Conn. 245, 250, 460 A.2d 481 (1983).

■ Grodsky maintains that SVA, a foreign corporation, cannot bring suit, pursuant to § 33–411(c), against another foreign corporation. Section 33–411(c) provides that:

> every foreign corporation shall be subject to suit in this state, whether or not such foreign corporation is transacting or has transacted business in this state by a resident of this state or by a person having a usual place of business in this state.

Grodsky claims that SVA, a Massachusetts corporation, cannot assert long-arm jurisdiction over Grodsky, another Massachusetts corporation. SVA argues that § 33–411(a) grants jurisdiction over a foreign corporation, regardless of the plaintiff's status or ties to the forum.

While SVA relies on § 33–411(a) as a basis for jurisdiction, sub-section (a) does not control because its service of process provisions may only be invoked in accordance with sub-section (c)'s grant of jurisdictional authority. *Cf. Carriers Ins. Co. v. American Steel Foundries*, No. 194172, slip op. at 4 (Conn.Super.Ct. Oct. 13, 1981). Plaintiff must meet the requirements of § 33–411(c) to sue a foreign corporation in the courts of this state. *Carriers Ins.*, No. 194172 at 4. Nonetheless, the issue is not whether Grodsky is a foreign corporation within the meaning of the statute but whether SVA can rely on the statute to bring suit against Grodsky.

Section 33–411(c) explicitly extends the privilege of long-arm jurisdiction only to parties who reside in the state or have a usual place of business in the state. *See Beachboard v. Trustees of Columbia Univ.*, 6 Conn.App. 43, 45, 502 A.2d 951 (1986), *cert. denied*, 199 Conn. 801, 505 A.2d 1249 (1986); *see also, Edelman v. Lippincott Co.*, Civil No. B–88–426 (D.Conn.1989) *Carriers Ins.*, No. 194172.

"Corporations can qualify as plaintiffs only by having a usual place of business in this state, since even a domestic corporation cannot be regarded as 'resident' of the state." E. Stephenson, *Connecticut Civil Procedure*, Section 30 at 118 (2d ed. 1979). SVA acknowledges that it is a foreign corporation with a principal place of business in Massachusetts not Connecticut. Complaint at ¶ 3, Answer at ¶ 2. As a plaintiff, SVA would be precluded from bringing an action against Grodsky under Connecticut's long-arm statute.

However, the inability of a plaintiff to invoke § 33–411 does not bar the third-party plaintiff from impleading the third-party defendant in an action already properly commenced. "Section 33–411(c) is directed toward assertions of original jurisdiction—not extensions of the existing jurisdiction to third-parties." *Dalheim v. Sequemat, Inc.*, Civil No. N–85–134 (PCD) (D.Conn. Nov. 12, 1986), Ruling on Motion to Dismiss at 6. Where the court has jurisdiction over the underlying claim, the court does have personal jurisdiction over an impleaded party. *Id.* at 5–6.

■ Here, the third-party plaintiff, a proper defendant in the original action, has impleaded the third-party defendant in accordance with Fed.R.Civ.P. 14. Since there is no dispute that the court has jurisdiction over the underlying claim, the question then becomes whether the third-party plaintiff may implead a foreign corporation. Section 52–102a, Conn.Gen.Stat., provides: "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve [process] . . . upon a person not a party to the action who is or may be liable to him for all or part of plaintiff's claim against him."

SVA, as a foreign corporation, has the same rights available to domestic corporations and is not precluded from resorting to all the powers available to it under the laws of this state. *See Hartford Accident & Indem. Co. v. Bernblum*, 122 Conn. 583, 590–91, 191 A. 542 (1937), citing 8 Thompson, *Corporations*, Section 6585 (3d ed.). There is no allegation that SVA is in violation of the Connecticut General Statutes

and it therefore may implead Grodsky pursuant to Connecticut's impleader rules.

SVA has impleaded Grodsky, a foreign corporation reachable by Connecticut's impleader rules. To construe § 33–411 to preclude the exercise of jurisdiction over third-party claims would thwart the purpose of the third-party claim rights of § 52–102a and Fed.R.Civ.P. 14. *Dalheim,* Civil No. N–85–134, slip op. at 5–6. "The Connecticut legislature has not clearly expressed such an incongruent result." *Id.* Thus, this court has jurisdiction over the third-party claims against Grodsky.

■ Grodsky does not contend nor can it be found that the exercise of jurisdiction over Grodsky violates due process. "The constitutional touchstone of the determination whether an exercise of personal jurisdiction comports with due process remains whether the defendant purposefully established minimum contacts in the forum state." *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 108–109, 107 S.Ct. 1026, 1031, 94 L.Ed.2d 92 (1987) (citations omitted). Grodsky purposefully entered into a contract in Connecticut to perform services in Connecticut. In addition, Grodsky is a defendant in a consolidated action, Civil No. H–88–712, arising from the same set of facts, in which it has impleaded SVA.

Accordingly, Grodsky's motion to dismiss for lack of personal jurisdiction is denied.

## 2. Failure to State a Claim for Indemnity

The third-party complaint may not be dismissed "unless it appears beyond doubt" that the third-party plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Thus, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In resolving a motion to dismiss under Fed.R. Civ.P. 12(b)(6), all facts pleaded in the third-party complaint must be accepted as true and construed in the light most favorable to the non-moving party. *Id.*

SVA claims it is entitled to indemnification because Grodsky "was in control of the selection and/or installation of [the] flexible connectors" and, if they were defective as alleged, it was Grodsky which caused them to be defective." Third-party complaint Count II, ¶ 4. Although it is not clear from the record under which theory SVA brings its claim for indemnification, such a claim may be brought under either a contractual or tort theory of liability.

### (a) Contract–Based Indemnity

In order to succeed under this theory, SVA must show either an express or implied contractual right to indemnification. *In re General Dynamics Asbestos Cases,* 539 F.Supp. 1106, 1109 (D.Conn.1982). There is no allegation of an express agreement and thus the only issue is whether Grodsky, as a *purchaser* of goods sold by SVA, implicitly agreed to indemnify SVA for the amount of any recovery by plaintiff. If such an implied contractual obligation exists, it must arise either by operation of law or by the affirmative conduct of the parties." *Id.* at 1109–10.

■ First, it is well established that no such obligation arises as a matter of law. "A purchaser of a product undertakes no implicit obligation to reimburse the manufacturer or supplier thereof, who itself is found to have breached to the plaintiff for any losses caused by the purchaser's negligent use of the manufacturer's or supplier's product." *Id.* at 1110. *See Therrien v. Safeguard Mfg. Co.,* 180 Conn. 91, 95, 429 A.2d 808 (1980). "In sum, an implied contractual obligation does not arise by operation of law, but, as the term 'contractual' suggests, only where consent to such an obligation can fairly and reasonably be inferred from affirmative conduct of the purchaser other than the mere purchase of the product." *In re General Dynamics,* 539 F.Supp. at 1111.

■ There are no allegations of affirmative conduct by Grodsky which would give rise to an implied obligation. SVA's assertion that Grodsky "was in control of the

selection of said flexible connectors," does not support a conclusion that there was a duty to indemnify. The cases relied on by SVA, *Roy v. Star Chopper Co.,* 442 F.Supp. 1010 (D.R.I.1977), *aff'd,* 584 F.2d 1124 (1st Cir.1978), *cert. denied,* 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979), and *Weggen v. Elwell–Parker Electric Co.,* 510 F.Supp. 252 (S.D.Iowa 1981), are not analogous because they both involve a purchaser's participation in the actual design of the product—not the mere, albeit voluntary, selection of the product. Grodsky is not alleged to have assumed the exclusive responsibility for designing, assembling and assuring the safety of the product, in which case a warranty of safety may be implied.

### (b) Tort–Based Indemnity

■ "It is well established under Connecticut law that there is no contribution among joint tortfeasors." *Cimino v. Yale Univ.,* 638 F.Supp. 952, 957 (D.Conn.1986). However, an exception is made where one tortfeasor, who is secondarily negligent, seeks indemnification from the primarily negligent tortfeasor. A party may seek indemnity on the ground of "primary" negligence by showing that: (1) the indemnitor was negligent; (2) the indemnitor's negligence (rather than the indemnitee's) was the direct, immediate cause of the injury; (3) the indemnitor was in control of the situation to the exclusion of the indemnitee; (4) the indemnitee did not know of the indemnitor's negligence, had no reason to anticipate it, and could reasonably rely on the indemnitor not to be negligent. *Kaplan v. Merberg Wrecking Corp.,* 152 Conn. 405, 416, 207 A.2d 732 (1965).

In order to survive a motion to dismiss, the third-party complaint must sufficiently invoke the principles of the *Kaplan* test. *Cimino,* 638 F.Supp. at 959. While it is true that the merits of the claim raise questions of fact to be left to the trier, *Weintraub v. Richard Dahn, Inc.,* 188 Conn. 570, 573, 452 A.2d 117 (1982), it is also recognized that the third-party complaint cannot survive scrutiny by merely pleading in a conclusory manner the test's elements. *Cimino,* 638 F.Supp. at 959. Here, the third-party complaint alleges all four elements of the *Kaplan* test. Third-party complaint, second count, ¶¶ 4–5. Grodsky claims that the second and third prongs, even if invoked, cannot as a matter of law be proven by SVA.

To determine the legal sufficiency of the third-party claim, the court must evaluate it against the background of the complaint. *Cimino,* 638 F.Supp. at 958. The complaint alleges that SVA is liable to the plaintiff, pursuant to Conn.Gen.Stat. § 52–572m, *et seq.,* for supplying defectively designed, manufactured, and improperly prepared, tested, and inspected, flexible connectors. Complaint ¶¶ 10, 14. SVA argues that ¶ 14(d) of the complaint alleges that SVA "failed to provide the proper connector for this installation" and that such allegation focuses on the selection of the product and not on the condition of the product when it allegedly left the hands of SVA. Because any finding of liability against SVA for negligence in providing a proper connector for the building may involve primary negligence on the part of Grodsky in selecting the connector, SVA would be entitled to indemnification from Grodsky. Although it is not clear from the record who selected the connector, it is not inconceivable that Grodsky could be found primarily negligent in providing the proper connector. For example, SVA may be able to prove that Grodsky either requested the inappropriate connector or provided SVA with erroneous information which lead to an inappropriate selection on its part.[2] This would entitle SVA to indemnity relief and SVA should be allowed to offer evidence at trial to support the claim.

■ With the exception of the allegation in ¶ 14(d) of the third-party complaint, the claims against SVA are all related to the status and condition of the flexible connectors while in the hands of SVA and prior to purchase or any involvement by Grodsky. A finding of liability against SVA based on

---

**2.** If this basis for liability is presented and tried to a jury, special interrogatories will be given to the jury to ascertain the basis of their finding of liability, if any.

these allegations would preclude a finding of further indemnity liability on Grodsky's part under the *Kaplan* test. Grodsky's alleged negligent conduct following the purchase would be secondary to SVA's negligence in supplying a defectively designed, manufactured, preparing, testing, and inspecting the flexible connectors. Except for allegations related to paragraph 14(d) of the complaint, SVA cannot as a matter of law satisfy the *Kaplan* test and SVA cannot seek indemnification. Thus, Grodsky's motion to dismiss for failure to state a claim for indemnification is denied.

### CONCLUSION

Accordingly, Grodsky's motion to dismiss is denied.

SO ORDERED.