[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs herein seek to enjoin, by way of a temporary injunction, the defendants herein from pressing their claim for Arbitration dated May 20, 1993, with the National Association of Securities Dealers; and, from instituting litigation against the plaintiffs herein in any other forum on claims arising from the events and occurrences alleged in case CV 91-0448113S. Further, the plaintiffs seek a permanent injunction as set out above, together with an order directing the defendants to withdraw their Claim for Arbitration presently pending before NASD.
The facts involved herein are, in brief:
The plaintiffs are corporations with business offices at 280 Trumbull Street, Hartford, Connecticut. The nine defendants are individuals, of which three are Connecticut residents with the remaining six non-residents of Connecticut.
The defendants herein brought a prior action in this court against the plaintiffs herein as well as against others. That action is captioned Allen Wachtel et al v. Realty CT Page 8487 Development Group, Inc. et al, No. CV 91-0448113S. That action was concluded as to the plaintiff's herein, Advest, Inc. and Billings Co., Inc. in a Judgment in favor of Advest and Billings upon their Motion for Summary Judgment (Berger, J.). This Judgment was based upon Conn. Gen. Stat § 52-577, limitations within which an action based upon a tort may be brought. Final judgment was entered by the court on June 6, 1993.
On May 20, 1993 the defendants herein, who were the plaintiff in the prior action, filed an Arbitration Claim with the National Association of Security Dealers, Inc. (NASD) in New York, New York, naming the plaintiffs herein, Advest and Billings and others, as Respondents. The plaintiffs herein seek to enjoin the defendants herein from proceeding with the New York arbitration.
The court notes that the plaintiffs ask that this court — a Connecticut court — to enjoin the defendants from seeking redress of their claims by the New York arbitration proceedings.
The usual ground for a court of one state to enjoin a party from prosecuting an action in another state, is, in the situation where all parties are from the state where the request to enjoin is made. In such a situation the enjoining court has the parties within its physical jurisdiction so that it has the ability to enforce its orders. Further, the state of residence of the parties has an interest in resolving the dispute among its residents. Hartford Accident Indemnity Co.v. Bernblum, 122 Conn. 583, 589 (1937).
In the present situation, this court in enjoining the defendants could enforce its orders as to the three Connecticut residents but not as against the out-of-state defendants. The out-of-state residents are effectively able to avoid any enforcement of orders by this court.
Additionally, in the New York arbitration proceedings the plaintiffs herein as defendants in the arbitration may raise the various defenses in that proceeding that are available in Connecticut. The fact that New York's statute of limitations may not be the same as is that of Connecticut is not a sufficient basis for this court to interfere with a legal proceeding in New York. CT Page 8488
For those reasons, the court finds the issues for the defendants and denies the plaintiff's application for a permanent injunction enjoining the defendants from proceeding with their Claim for Arbitration before the NASD.
JULIUS J. KREMSKI STATE TRIAL REFEREE