[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff instituted the instant proceeding as a result of injuries she is said to have sustained as a result of her ingestion of a diet pill. P.D.K. Labs, Inc. (hereafter the "defendant"), is a New York corporation which manufactures, advertises, distributes and sells an over-the-counter diet pill called "Miracle + (plus)" which supposedly controls appetites. The product was distributed and/or sold to a New Jersey corporation named Miracle Plus Diet System, Inc. (hereafter "MPDS").
She recites that she purchased a bottle of the diet pills from MPDS after viewing a televised advertisement. The purchase occurred on June 15, 1993. The complaint continues alleging that the supply was shipped by the defendant to a post office box located in Ridgefield, Connecticut. She ingested one of the "Miracle +" diet pills on July 20, 1993, and subsequently suffered the personal injuries of which she complains. This litigation followed and draws upon Sec. 52-572m of the General Statutes. (Connecticut Product Liability statute.)
A challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. Park City Hospital v. Commissionon Hospitals Health Care, 210 Conn. 697, 702. The grounds which may be asserted are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process. Zizka v. Water Pollution Control Authority,195 Conn. 682, 687.
Section 33-411(c) of the General Statutes provides:
 Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of CT Page 9287 business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; or (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; or (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.
Our courts have stated that in deciding whether personal jurisdiction exists over a foreign corporation, the first inquiry must be whether this "long-arm statute" authorizes the exercise of jurisdiction under the facts of a given case. Only if the statute is found to be applicable does the court reach the question of whether it would offend due process to assert jurisdiction, and it is the plaintiff who bears the burden of proof to satisfy the requisites of personal jurisdiction. LombardBros., Inc. v. General Asset Management Co., 190 Conn. 245, 250.
This subsection of the statute upon which she relies confers jurisdiction over designated causes of action without regard to whether a foreign corporation transacts business in Connecticut and without regard to a causal connection between the plaintiff's cause of action and the defendant's presence in this state. Under subsection (c), consistent with the constitutional demands of due process, it is the totality of the defendant's conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here. Lombard Bros., Inc.v. General Asset Management Co., supra, 253-255. "Subsection 33-411(c) . . . is clear on its face that only residents of Connecticut and persons with a `usual place of business' in Connecticut may invoke that subsection." Hill v. W. R. Grace Co., 42 Conn. Sup. 25, 28.
The defendant postulates that the plaintiff has failed to comport with the threshold requirement of demonstrating that she CT Page 9288 is either a resident of this state or a person with a usual place of business in this state. The plaintiff's response is that as a full-time matriculant at Western Connecticut State University, she is indeed a "resident" within the meaning of Sec. 33-411(c). In the alternative, she claims that being a full-time student should be interpreted as an "occupation" as well, and that is tantamount to "a usual place of business" as that phrase is employed in Sec. 33-411(c). The conclusion of her argument is that the foregoing interpretations are consistent with the remedial purpose of Sec. 33-411, and are particularly cogent when one in her position suffers an injury in this state.
The plaintiff's affidavit declares that "I have been a student at Western Connecticut State University since 1990. In particular, I was a full-time student during 1993 and am presently a full-time student. As a full-time student, I am required to travel to campus located in Danbury, Connecticut 5 days per week."[1] In the same affidavit, the plaintiff further states that "on June 27, 1994, I will begin part-time employment with the Ridgefield Bank, Ridgefield, Connecticut." She contends and further asserts that her status as an employee is sufficient to avail herself of the provisions of Sec. 33-411(c). While the injury complained of occurred on July 20, 1993, and her part time employment commences on June 27, 1994, it is the jurisdictional facts existing at the time a motion to dismiss was heard which determines whether or not the prerequisites for personal jurisdiction have been satisfied. According to the plaintiff, any other ruling "would permit the possibility of the bizarre result of dismissal, only to have the action re-instituted."
The defendant's response is that the attending of a college located within this state's borders does not confer "resident" status, nor does it amount to "a usual place of business" within the context of Sec. 33-411(c). A part-time job secured after the commencement of this action cannot bring the plaintiff within the purview of Sec. 33-411(c), nor can that type of employment be considered a "usual place of business" for purposes of long-arm jurisdiction due to the transitory nature of part-time employment.
Section 33-411 is silent with regard to a definition of the terms "resident" or a "usual place of business" for purposes of acquiring personal jurisdiction over a foreign corporation. This court has discovered no authority for interpreting those terms within its statutory context. Other statutes have defined the CT Page 9289 term "resident," e.g., taxation. See Sec. 12-505: "`resident' means an individual: (1) Who is domiciled in this state; . . . or (2) who is not domiciled in this state but maintains a permanent place of abode in this state and is in this state for an aggregate of more than one hundred eighty-three days of the taxable year. . . ."
"`[T]he right of a plaintiff to recover is limited to the allegations of . . . [her] complaint. . . .'" (Citations omitted.) Tedesco v. Stamford, 215 Conn. 450, 458. A perusal of the summons in this proceeding indicates that her address is 328B Heritage Hills, Somers, New York. In that complaint, she describes herself as Hillary L. Dufficy of 328B Heritage Hills, Somers, New York.
Her complaint recites that the diet pills were shipped by the defendants to the plaintiff at P.O. Box 505, Ridgefield, Connecticut. Nowhere in that complaint has she alleged that she is a resident of this state or has a usual place of business in this state as required by Sec. 33-411(c). See Beachboard v.Trustees of Columbia University, 6 Conn. App. 43, 45. (Plaintiff fails to allege that he is a resident of this state or has a usual place of business in this state as required by Sec. 33-519(c), a parallel long-arm statute which governs nonstock corporations.) Compare, e.g., Continental Insurance Co. v. MillerYacht Sales, 4 Conn. L. Rptr. 317 (July 11, 1991, Maloney, J.). (Neither the complaint nor affidavit specifically alleged that the plaintiff was a resident of Connecticut. His summons indicated a Connecticut address and the defendant failed to contest the plaintiff's standing to bring that action on that jurisdictional basis.)
There has been no offer of any evidence to support her assertion that the pills were in fact shipped to a P.O. Box located in Ridgefield, Connecticut, and her affidavit is of no value to the court on this issue of residence. Even the most liberal application of judicial gloss fails to develop the requisite "residence" within the meaning of Sec. 33-411(c). SeeCooper Company v. Woodbridge Associates, 6 Conn. L. Rptr. 415
(May 19, 1992, Hodgson, J.). (Where a plaintiff fails to establish either status pursuant to Sec. 33-411(c), the court is deprived of in personam jurisdiction over the named defendant.)
The plaintiff's proposition that it is the jurisdictional facts existing at the time the motion is heard that determines CT Page 9290 whether the requirements of personal jurisdiction are satisfied is also without merit and has no place in either law or logic. A diligent search reveals that no support for that thesis in either Sec. 142 et seq. of the Practice Book, or in precedent. The plaintiff has cited to White-Bowman Plumbing Heating, Inc. v.Biafore, 182 Conn. 14 in support of her position. However, that case involved the filing by the defendant of a motion to erase the action to recover on a debt for lack of service. InWhite-Bowman, the plaintiff previously obtained a valid order of garnishment over any assets of the defendant held by two of the defendant's debtors, but was unable to locate the resident defendant in order to make service upon him. In affirming the trial court's denial of the defendant's motion, the court inWhite-Bowman noted that the record indicated a valid garnishment of property of the defendant which would ripen into quasi in rem jurisdiction over the defendant's interest in that property once the requisite notice which the plaintiff was seeking to provide had been given to the defendant. The issues raised and adjudicated in White-Bowman are totally inapposite to the facts of the present case.
In passing, this court would be remiss if it did not mention that it views with suspicious eye the averment by the defendant that it does not have sufficient contacts with this state in order to come within this court's jurisdiction, especially in light of its president's proclamation that "PDK engages in mail order solicitation business in most states, including Connecticut" and such business involves "the mailing of four catalogues each year into the State of Connecticut and the filling of any orders through the shipment of product into Connecticut as a result of the direct mail order solicitation." (Affidavit of Michael Krasnoff dated April 11, 1994, paragraph 6.) However, this question is premature in light of the plaintiff's failure to carry her burden of establishing the condition precedent contained in Sec. 33-411(c), i.e., that she is a resident of this state or has a usual place of business in this state which would permit this court to acquire jurisdiction over this defendant.
The defendant's motion to dismiss is, accordingly, granted.
Moraghan, J. CT Page 9291