THE COLUMBIAN NATIONAL LIFE INSURANCE COMPANY *vs.* CLAUDE B. CROSS.

Suffolk.   November 6, 9, 1936. — June 30, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Constitutional Law*, Controversies between citizens of different States. *Jurisdiction*, Of Federal courts.   *Assignment*.   *Equity Jurisdiction*, To enjoin prosecution of proceeding in another State.

A Massachusetts corporation has no constitutional right to a trial in a Federal court of an action by a citizen of Massachusetts to whom a citizen of another State made a colorable assignment of the cause of action.

A colorable assignment by a citizen of Missouri to a citizen of Massachusetts of a claim against a Massachusetts corporation, which prevented removal to the Federal Court of an action afterwards brought on the claim by the assignee in a State court of Missouri, and was made for that purpose, was not alone ground for the maintenance of a suit in equity here to enjoin prosecution of such action.

BILL IN EQUITY, filed in the Superior Court on September 22, 1936.

The suit was heard by *Walsh*, J.

*F. H. Nash*, for the plaintiff.

*E. C. Park*, for the defendant.

RUGG, C.J. The plaintiff seeks by this suit in equity to restrain the defendant from prosecuting an action at law brought by him in the State of Missouri. The defendant filed a demurrer, which was in substance on the ground that no cause for relief in equity against the defendant was stated in the bill. The case was reported to this court to determine the correctness of the interlocutory decree sustaining the demurrer before further proceedings.

The allegations of fact well pleaded in the bill of complaint are, for the purposes of the present decision, admitted by the demurrer. *Jubilee Yacht Club* v. *Gulf Refining Co.* 245 Mass. 60, 61. *Whiting* v. *Mayor of Holyoke*, 272 Mass. 116, 118. *Dealtry* v. *Selectmen of Watertown*, 279 Mass. 22, 26–27. They may be summarized as follows: The plaintiff is a corporation organized under the laws of this Commonwealth with its principal place of business in Boston. It is engaged in the business of insurance. The defendant is a member of the bar of this Commonwealth, resident here, who does not practice in Missouri and who has no connection with Missouri "beyond such casual matters as might come to the attention of any Boston lawyer." In March, 1915, the plaintiff issued a policy of accident insurance to one Edward L. Foulke whereby he was insured "against loss resulting from bodily injuries effected directly and independently of all other causes through accidental means." The plaintiff also agreed by the policy to pay the sum of $7,500 to one Nelle Foulke as beneficiary "if such injuries result in" the death of the insured "within ninety days of the accident, or if as the result of such injuries the insured continuously from the accident to date of loss is totally disabled." The policy was delivered in Missouri. Nelle Foulke (hereafter called the beneficiary) is a citizen and resident of that State. On June 22, 1934, while the policy was in force, the insured

died.  The cause of his death "was coronary occlusion and arteriosclerosis" and was not the result of bodily injuries effected directly and independently of all other causes through accidental means.  An autopsy showed that the cause of the coronary occlusion was a congenital ring of cartilage imbedded in the aorta.  On or about July 11, 1934, the beneficiary made claim on the plaintiff for payment to her of $7,500 on the ground that the death of the insured had resulted from accidental injury.  Said "claim was without foundation in fact" and the plaintiff "therefore refused to make the said payment as demanded."  If an action on the policy is litigated in the Federal court, the insurance company will have a right under the well settled rule of the Federal courts in the Eighth Circuit, which includes Missouri, to a directed verdict in its favor. In the State courts of Missouri the contrary rule prevails. For the sole purpose of preventing the plaintiff from contesting her claim in the Federal courts, the beneficiary made a pretended assignment of the policy to the defendant.  He knew all the facts.  He paid no consideration for the pretended assignment and acquired no beneficial interest in the policy, or in its proceeds, or in the claim of the beneficiary against the plaintiff.  Thereupon the defendant, at the direction of the beneficiary and by her procurement, commenced an action at law against the plaintiff in a State court in Missouri.  The plaintiff caused that action to be removed to the District Court of the United States for the Western Division of the Western District of Missouri, but that court allowed the defendant's motion to remand the case to the State court "solely upon the ground that the United States statutes relating to removal of causes do not authorize removal where an assignment has been made by the real party in interest to a citizen of the State of which the defendant is a citizen and resident, although such assignment is colourable and made for the sole purpose of preventing removal to the courts of the United States."

The plaintiff contends that it is entitled under the Constitution of the United States to litigate the claim made under this policy in the Federal courts and that therefore

the defendant ought to be enjoined from prosecuting the action pending in the State court of Missouri.

The question thus raised has not been decided in this Commonwealth. In *Carson* v. *Dunham,* 149 Mass. 52, it had been found as a fact that the assignee was the absolute owner of the chose in action there in question, and it was held that there was no ground to restrain such assignee from prosecuting his action in the courts of another State. It there was said, at pages 55, 56, that, in view of the fact that the assignee was the absolute owner of the claim, "it is immaterial what his motives were for purchasing it. He had the right to enforce it in any competent tribunal. The Supreme Court of the United States has held that, even if the assignment to Dunham was colorable, it furnishes no ground for removing the case to the Circuit Court of the United States, and intimates that it is for the State court to decide whether this fact furnished any defence in the suit pending before it. *Carson* v. *Dunham,* 121 U. S. 421. *Provident Savings Life Assurance Society* v. *Ford,* 114 U. S. 635. *Oakley* v. *Goodnow,* 118 U. S. 43. But it is not necessary for us to consider what might be the effect of a merely colorable transfer, as it is found that the transfer to Dunham was valid, and not colorable."

The plaintiff relies upon these words of the Constitution of the United States, art. 3, § 2: "The judicial power shall extend . . . to controversies . . . between citizens of different states;" and upon this provision in § 24 of the Judicial Code as amended, c. 231, 36 U. S: Sts. at Large, 1087, 1091: "The district courts shall have original jurisdiction . . . : First. Of all suits of a civil nature, at common law or in equity . . . where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and . . . is between citizens of different States . . . ." This statutory provision vests jurisdiction of such suits in the Federal court, so that a plaintiff falling within its terms may institute his suit in that court. This statutory provision does not divest the State courts of jurisdiction. Therefore a plaintiff has the option to begin his suit either in the Federal or in the

State court.  A defendant sued in a State court is enabled to take advantage of the concurrent jurisdiction of the Federal court created by the Constitution of the United States by § 28 of the Judicial Code as amended, c. 231, 36 U. S. Sts. at Large, 1087, 1094, which provides that "Any . . . suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction . . . and which are now pending or which may hereafter be brought, in any State court, may be removed into the district court of the United States . . . by the defendant or defendants therein, being nonresidents of that State."

A *bona fide* assignment of a chose in action to one who is a citizen of the same State as the defendant will defeat the jurisdiction of the Federal court because there is then no longer a controversy between citizens of different States. The same result is reached by a colorable transfer or assignment made for the purpose of preventing removal. *Provident Savings Life Assurance Society* v. *Ford,* 114 U. S. 635, 641. *Leather Manufacturers' Bank* v. *Cooper,* 120 U. S. 778, 781. *Carson* v. *Dunham,* 121 U. S. 421, 426.   *Bernblum* v. *Travelers' Ins. Co.* 9 Fed. Sup. 34, 35.  It was said in *Oakley* v. *Goodnow,* 118 U. S. 43, 45, that while "the courts of the United States have . . . power to dismiss or remand a case, if it appears that a colorable assignment has been made for the purpose of imposing on their jurisdiction, no authority has as yet been given them to take jurisdiction of a case by removal from a State court when a colorable assignment has been made to prevent such a removal. Under the law as it now stands resort can only be had to the State courts for protection against the consequences of such an encroachment on the rights of a defendant." Thus it appears that the plaintiff has no constitutional right to a trial of this cause on its merits in the Federal court.  The Constitution of the United States provides for jurisdiction in the Federal courts over controversies between citizens of different States, and reposes in the Congress power to provide in such cases for the displacement of jurisdiction in the State courts. *Gaines* v. *Fuentes,* 92

U. S. 10, 17. It was said in *Great Northern Railway* v. *Alexander*, 246 U. S. 276, 280: "It is, of course, familiar law that the right of removal being statutory, a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Gold-Washing & Water Co.* v. *Keyes*, 96 U. S. 199.

Persons within the jurisdiction of this Commonwealth may be restrained from prosecuting actions in other States "which will work wrong and injury to others, and are therefore contrary to equity and good conscience." *Dehon* v. *Foster*, 4 Allen, 545, 550; *S. C.* 7 Allen, 57.

It is said in *Provident Savings Life Assurance Society* v. *Ford*, 114 U. S. 635, 641, with respect to somewhat similar facts, that it may "be a good defence to an action in a State court, to show that a colorable assignment has been made to deprive the United States court of jurisdiction; but . . . it would be a defence to the action, and not a ground of removing that cause into the federal court." The plaintiff has every opportunity to present in the courts of Missouri in the action there pending the defence thus suggested. The argument of the plaintiff in substance is that relief should be afforded it in this suit because there is danger that the courts of Missouri will not justly decide the rights of the parties. As was said in *Carson* v. *Dunham*, 149 Mass. 52, 56: "We cannot yield to such an argument without a violation of every principle of inter-state comity. . . . In our judgment, it would be indefensible for the courts of this Commonwealth to restrain the prosecution of a suit pending in the court of a sister State, which has jurisdiction of the subject matter and of the parties, upon the ground that the decision of that court may differ from our own opinion, or from the decisions of other courts of equal authority."

The facts in *Terral* v. *Burke Construction Co.* 257 U. S. 529, are so different from those in the case at bar as to render that decision inapplicable.

In view of the decisions here reviewed, we think that no error is disclosed in the action of the Superior Court.

*Interlocutory decree affirmed.*