ANTHONY J. CICHOCKI *v.* DALE J. QUESNEL ET AL.
(AC 22003)

Mihalakos, Flynn and Hennessy, Js.

Submitted on briefs September 16—officially released December 24, 2002

*Dale J. Quesnel,* pro se, the appellant (defendant), filed a brief.

*Michael J. Kopsick* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant Dale J. Quesnel appeals, pro se, from the judgment of the trial court, rendered following a trial to the court, in favor of the plaintiff, Anthony J. Cichocki.[1] The defendant claims that the court acted improperly in refusing (1) to allow him to testify (a) about the meaning of National Association of Securities Dealers' Rules of Fair Practice (NASD rules) and (b) that he had witnessed the plaintiff violate NASD rules, and (2) to admit other evidence in support

---

[1] The other defendant in this action, Eastern Financial Group, LLC, also appealed. This court dismissed its appeal because a proper appearance was not timely filed on its behalf. Hereinafter, we refer to Quesnel as the defendant.

of his representation that the plaintiff had violated NASD rules. We decline to review the defendant's claims because his brief to this court does not comply with Practice Book § 67-4 (c) and (d) (3).

Section 67-4 (c) provides that an appellant is required to include in his brief "[a] statement of the nature of the proceedings and of the facts of the case bearing on the issues raised. The statement of facts shall be in narrative form, shall be supported by appropriate references to the page or pages of the transcript or to the document upon which the party relies, and shall not be unnecessarily detailed or voluminous." The defendant's cryptic five page brief to this court does not include any page references to the transcript of the trial. Additionally, it does not include a statement of the nature of the proceedings or a statement of the facts of the case.

Section 67-4 (d) (3) provides that "[w]hen error is claimed in any evidentiary ruling in a court or jury case, the brief or appendix shall include a verbatim statement of the following: the question or offer of exhibit; the objection and the ground on which it was based; the ground on which the evidence was claimed to be admissible; the answer, if any; and the ruling." The defendant's claims, all of which are evidentiary, have not been properly presented. The defendant did not file an appendix, and his brief (1) does not identify with any degree of precision the evidence that was excluded or (2) include any arguments made in favor of admitting the evidence, any of the plaintiff's objections or any of the court's evidentiary rulings. "When raising evidentiary issues on appeal, all briefs should identify clearly what evidence was excluded or admitted, where the trial counsel objected and preserved his rights and why there was error." *Aspiazu* v. *Orgera*, 205 Conn. 623, 636–37 n.5, 535 A.2d 338 (1987). A brief that consists only of abstract assertions that a court acted improperly in excluding certain evidence is insufficient. Insufficiencies of that

type are amplified further when the appellant has failed to include any page references to the transcript.[2] "For evidentiary rulings claimed to be improper to be reviewed by this court, they must be set forth in the briefs as required and outlined by the rules of practice." *Roberto* v. *Honeywell, Inc.*, 43 Conn. App. 161, 163, 681 A.2d 1011, cert. denied, 239 Conn. 941, 684 A.2d 712 (1996).

"Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *State* v. *Brown*, 256 Conn. 291, 303, 772 A.2d 1107, cert. denied, 534 U.S. 1068, 122 S. Ct. 670, 151 L. Ed. 2d 584 (2001). On the basis of the foregoing reasons, we decline to review the defendant's claims.

The judgment is affirmed.

---

[2] We are not required to search transcripts to locate challenged evidentiary rulings. *Sanders* v. *Officers Club of Connecticut, Inc.*, 196 Conn. 341, 347, 493 A.2d 184 (1985) ("[w]e are under no duty to search a transcript of the testimony to find a ruling under attack"). By complying substantially with Practice Book § 67-4, appellants better enable this court to consider their claims with efficiency and judiciousness.