SCOTTSDALE INSURANCE COMPANY *v.* DANIEL W. DUMONT ET AL.
(AC 23432)

Lavery, C. J., and Dranginis and Flynn, Js.

Argued May 12—officially released July 8, 2003

*Daniel W. Dumont*, pro se, the appellant (named defendant).

*James V. Somers*, with whom, on the brief, was *Erik J. Ness*, for the appellee (plaintiff).

*Eileen Duggan*, with whom was *Andrew Brand*, for the appellee (defendant Suisman, Shapiro, Wool, Brennan, Gray and Greenberg, P.C.).

*Opinion*

FLYNN, J. The defendant Daniel W. Dumont appeals from the judgment of the trial court in an interpleader

action initiated by the plaintiff, Scottsdale Insurance Company (Scottsdale).[1] Scottsdale is the insurer of a party against whom Dumont had won a judgment in the amount of $150,000. A dispute subsequently arose between the defendant and the law firm that represented him in winning that judgment, Suisman, Shapiro, Wool, Brennan, Gray and Greenberg, P.C. (law firm), about the proper distribution of the damages award. As a result, Scottsdale initiated the present interpleader action against the defendant and the law firm, seeking a judicial determination as to the proper distribution of the award. In its complaint, Scottsdale indicated its willingness to pay the amount of the judgment against its insured in whatever manner the court directed. The defendant appeals from the trial court's decision ordering Scottsdale to distribute the damages award from the underlying personal injury case to both the defendant and his former law firm.

The defendant makes one claim that is properly preserved for appeal.[2] He claims that the trial court did not

[1] Any reference to "the defendant" in this opinion is meant to signify Dumont and not his former law firm, which was a codefendant in the present action.

[2] In the statement of issues in the defendant's brief, there are three numbered paragraphs. Only the second of those three paragraphs, however, contains an issue which is properly before this court. Of the two which are not, we take a moment to explain the reasons why.

The first numbered paragraph involves accusations that Scottsdale acted in collusion with the defendant's former law firm and that both made false statements to the trial court. In the defendant's analysis of this claim, he has failed to provide a single case or statute that supports his argument. In addition, the defendant has failed to comply with Practice Book § 67-4 (d) in that he did not provide a brief statement of the standard of review that should apply to this claim. A failure to comply with our rules of appellate procedure has sometimes been considered, by itself, grounds to deny review of an appellant's claims. See, e.g., *Cichocki* v. *Quesnel*, 74 Conn. App. 299, 812 A.2d 100 (2002). This omission on the part of the defendant is coupled with the fact that his first claim is best described as a request for this court to make findings of fact. We, as a reviewing court, "cannot find facts, nor, in the first instance, draw conclusions of facts from primary facts found, but can only review such findings to see whether they might legally, logically and reasonably be found." (Internal quotation marks omitted.) *State* v. *Clark*,

have subject matter jurisdiction over the interpleader action, because only the federal courts had the authority to hear the case. We affirm the judgment of the trial court.

The following facts are relevant to the issue in this appeal. In a complaint dated March 21, 2002, Scottsdale initiated the present interpleader action against the defendant and the law firm pursuant to General Statutes § 52-484. According to the defendant's motion to dismiss, dated May 18, 2002, Scottsdale's business address is in Arizona. The defendant's residence is in New York. The law firm is located in Connecticut. On August 19, 2002, the court ordered Scottsdale to distribute the funds which it yet owed[3] from the underlying personal injury case as follows: $53,424.74 to the law firm and $96,410.90 to the defendant.

The sole issue before this court is whether the trial court lacked subject matter jurisdiction to act in this case. The defendant argues that, because there was a complete diversity of citizenship between the parties and the amount in controversy exceeded $75,000, the present case should have been brought in the federal District Court rather than in our state court. The defendant's claim is without merit.

---

160 Conn. 555, 556, 274 A.2d 451 (1970). Although pro se parties are given some latitude, they are not excused from compliance with the General Statutes or rules of appellate procedure. See *Cichocki* v. *Quesnel*, supra, 301. Therefore, we decline to review the defendant's first claim.

The defendant describes the issue in the third numbered paragraph as follows: "Whether the trial court properly entered judgment in this matter and ordered distribution of monies from the plaintiff to the defendants, Daniel W. Dumont, and to [the defendant's former law firm], *there is not whether [sic] for that case, base [sic] on all of the above and the following, and the Appellate Court should declare void and invalid all the rilings [sic], and dismiss this case altogether.*" (Emphasis in original.) With regard to this numbered paragraph, the defendant has not analyzed this as a separate claim in his brief. Therefore, we consider the claim abandoned.

[3] Several thousand dollars were paid to reimburse expenses that had been paid previously by workers' compensation.

The defendant's claim is made in reference to 28 U.S.C. § 1332 (a), which provides in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States . . . ." It is well settled that the grant of subject matter jurisdiction set forth in 28 U.S.C. § 1332 is not exclusive, but would allow a claim that could be brought in state courts to be removed to a Federal District court.

"In general, a case that can be filed in the state court where the district court sits can also be filed in federal court where the plaintiff and defendant are citizens of different states, and the amount in controversy exceeds the specified minimum. This provision gives to a resident plaintiff who sues a non-resident defendant the option to sue in either state or federal court. If the resident plaintiff sues in state court, the non-resident defendant has the option of removing the case to federal court under 28 U.S.C. § 1441, with various exceptions." *Johanning* v. *Johanning*, 509 F. Sup. 770, 772 (D. N.J. 1981). "This statutory provision does not divest the State courts of jurisdiction. Therefore a plaintiff has the option to begin his suit either in the Federal or in the State court." *Columbian National Life Ins. Co.* v. *Cross*, 298 Mass. 47, 50-51, 9 N.E.2d 402 (1937); see also *Tiernan* v. *Missouri New York World's Fair Commission*, 48 Misc. 2d 376, 379, 264 N.Y.S.2d 834 (1965).

Although this action could have been brought in either state or federal court, the plaintiff chose to bring this action in the courts of this state. "Under 28 U.S.C. § 1441, authority for removal is found when the State Court action could have originally been brought in Federal Court. Original jurisdiction does not mean exclusive jurisdiction. . . . Furthermore, the existence of concurrent state and federal jurisdiction does not operate to defeat defendant's right of removal to federal

court." (Citation omitted.) *Leonardis* v. *Local 282 Pension Trust Fund*, 391 F. Sup. 554, 557 (E.D.N.Y. 1975); see also *DiAntonio* v. *Pennsylvania State University*, 455 F. Sup. 510, 512 (M.D. Pa. 1978). At no time did the defendant seek to have the state case removed to the federal courts pursuant to the authority granted by 28 U.S.C. § 1441. Therefore, the present case properly was decided by the trial court because it had subject matter jurisdiction over the action.

The judgment is affirmed.

In this opinion the other judges concurred.